## In re EDES.

### (District Court, D. Maine. March 4, 1905.)

### No. 4,288.

BANKRUPTCY—POWERS OF COURT—SALE OF PROPERTY.

A court of bankruptcy is not limited in its sales of assets of bankrupts by Act March 3, 1893, c. 225, 27 Stat. 751 [U. S. Comp. St. 1901, p. 710], which provides that all sales of real estate made under any order, judgment, or decree of a United States court shall be by public auction, after prescribed notice; but the bankruptcy act confers upon such courts full equitable powers in the administration of estates, and they may, for good cause shown, order either real or personal property sold at private sale.

In Bankruptcy. On question certified by referee.

Brown & Brown, for bankrupt.
Frank E. Guernsey, for trustee.

HALE, District Judge. This case now comes before the court upon the report of John F. Sprague, Esq., referee in bankruptcy. That report is as follows:

"I, John F. Sprague, the referee in bankruptcy to whom this matter was referred, do hereby certify that in the course of the proceedings in said case before me the following questions arose, pertinent to the said proceedings: A petition was duly filed with me, praying for authority to sell a portion of the bankrupt's estate, to wit, certain parcels of real estate situate in the towns of Foxcroft and Guilford, at private sale. At the hearing upon said petition which had been given in accordance with the bankrupt act, I ordered the petition dismissed.

"An act of Congress approved March 3, A. D. 1893, entitled 'An act to regulate the manner in which property shall be sold under orders and decrees of any United States court,' provides that all real estate or any interest in land under any order or decree of any of the United States courts shall be sold at public sale at the courthouse of the county, parish, or city in which the property, or the greater part thereof, is located, or upon the premises, as the court rendering such order or decree of sale may direct. Act March 3, 1893, c. 225, 27 Stat. 751 [U. S. Comp. St. 1901, p. 710]. The language of the third section of this act is as follows: 'That hereafter no sale of real estate under any order, judgment or decree of any United States court shall be had without previous publication of notices of such proposed sale being ordered and had once a week for at least four weeks prior to such sale in at least one newspaper printed, regularly issued, and having a general circulation in the county and state where the real estate proposed to be sold is situated, if such there be. If said property shall be situated in more than one county or state such notice shall be published in such of the counties where said property is situated, as the court may direct. Said notice shall among other things describe the real estate to be sold. The court may in its discretion direct the publication of the notice of sale herein provided for to be made in such other papers as may be proper.' Section 70b of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], provides that real and personal property shall, when practicable, be sold, subject to the ap-

proval of the court. My opinion is that there are no provisions in the bankrupt act that supersede or repeal the act of 1893, but that that act controls all sales of real estate made by the bankrupt court. General order No. 18 (89 Fed. viii, 32 C. C. A. xx) authorizes the trustee, upon application of the court, and for good cause shown, to sell any specified portion of the bankrupt's estate at private sale. Section 30 of the bankrupt act (30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]) conferred upon the Supreme Court of the United States the power to prescribe rules, forms, and orders for carrying this act into effect, but it is well-settled law that these rules and orders cannot act as judicial legislation. Collier on Bankruptcy [4th Ed.] 286, and cases there cited. This general order cannot be construed to repeal the law.

"The trustee Frank E. Guernsey, contends that under the provisions of the bankrupt act relating to sales of property, and general order No. 18, the referee is empowered to order real estate sold at private sale, and excepts to the order that I have made in this case dismissing this petition; and the said question is certified up to the Honorable Clarence Hale, judge of this court, for his opinion thereon.

"Dated at Monson this 9th day of February, A. D. 1905."

This report of proceedings brings before the court the question, is a court in bankruptcy limited in the conduct of its sales of assets of bankrupts by the act of Congress of March 3, 1893, which provides that all real estate shall be sold at public sale, and which provides fully for the methods of such sale? Section 70b of the bankruptcy act provides that:

"All real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers; they shall be appointed by and report to the court. Real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per centum of its appraised value."

The evident intention of Congress in passing the bankrupt law in 1898 was to provide an ample and complete method of administering and disposing of the assets of bankrupts. The court created by this law was given jurisdiction which is in the broadest sense equitable. It is the evident intention of Congress to place the details of the administration of the estate within the jurisdiction of the court. Under the general rules of construction, it must be held that, if Congress had intended to limit the sales of property under the bankrupt law to the provisions of the act of 1893, it would have said so in clear terms. The only limitation imposed by the bankruptcy statute is that such sales must be "subject to the approval of the court." Collier on Bankruptcy, 520, and cases cited. The bankrupt law is the last expression of the legislative will upon the subject. It clearly does not intend to limit the method of sales of property by the provisions of the act of 1893. If it did, referees and trustees would be very much limited and harassed in their disposition of property—particularly in the disposition of perishable property—and the purpose of the law would be in a large degree defeated. A new statute which affirmatively grants a larger jurisdiction or power or right is held to prevail over any prior statute by which a limited power or jurisdiction or right less ample has been granted. Sutherland on Statutory Construction, § 254, and cases cited. It must be held that the bankrupt law, in ordering sales, is not limited by the act of March, 1893. General order in bankruptcy 18, provides as follows:

"(1) All sales shall be by public auction unless otherwise ordered by the court. (2) Upon application to the court, and for good cause shown, the trustee may be authorized to sell any specified portion of the bankrupt's estate at private sale; in which case he shall keep an accurate account of each article sold, and the price received therefor, and to whom sold; which account he shall file at once with the referee. (3) Upon petition by a bankrupt, creditor, receiver or trustee, setting forth that a part or the whole of the bankrupt's estate is perishable, the nature and location of such perishable estate, and that there will be loss if the same is not sold immediately, the court, if satisfied of the facts stated and that the sale is required in the interest of the estate, may order the same to be sold, with or without notice to the creditors, and the proceeds to be deposited in court."

While this general order has no force as legislation, and while it is not even a judicial interpretation of the statute, it is an order of the Supreme Court of the United States, based upon the bankruptcy statute. It cannot be held to be in derogation of such statute. Under its provisions a perishable estate may be sold, even without notice to the creditors, and the courts have been very liberal in their construction of what is "perishable." The federal courts have in fact liberally interpreted the whole statute, as giving full equitable powers to the court. For instance, although section 58, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444], provides that creditors shall have notice of all proposed sales of property, still, under the general powers and discretion given by the court in section 70b, it is the custom to order sales of perishable personal property even without notice. There can be no question but that a bankruptcy court, under the broad powers given by the bankrupt law, may order a sale of either real or personal property at private sale.

Under the fair and obvious construction of the statute, the order of the referee in dismissing the petition to sell at private sale must be overruled. It is so ordered.