696

### In re BLOSSOM PRODUCTS, Inc.

District Court, S. D. New York.
June 5, 1933.

Bernard A. Grossman, of New York City, for bankrupt.

Tompkins, Boal & Tompkins, of New York City, for Textile Banking Co., Inc., and L. F. Dommerich & Co., objecting creditors.

Gettinger & Gettinger, of New York City, for Industrial Nat. Bank of New York, objecting creditor.

PATTERSON, District Judge.

The bankrupt in 1931 made an offer of composition. Several creditors opposed, alleging that credit had been obtained on false financial statements. After considerable testimony bearing on the issues had been taken, a stipulation was entered into by the bankrupt and the objecting creditors permitting the bankrupt to withdraw the offer. On November 18, 1931, an order was entered on the stipulation, directing that the offer be deemed withdrawn, and the composition proceeding came to an end. Over a year later the bankrupt makes a new offer of composition. This offer is resisted by the same creditors. The referee has found that at the time when the bankrupt withdrew its initial offer it expressly agreed with the opposing creditors that it would not again offer a composition, and he recommends that for this reason the proceeding should be dismissed.

One of the conditions precedent to confirmation of a composition is that it satisfactorily appear to the court that the offer made is "in good faith." Bankruptcy Act § 12, 11 USCA § 30. It would seem clear that an offer of composition is not made in good faith when it is in the teeth of an express agreement by the bankrupt not to make such an offer, the agreement having been made when the bankrupt was permitted by the opposing creditors to withdraw a prior offer.

Confirmation of the proposed composition will accordingly be denied.

### In re SCHILDHAUS.

District Court, S. D. New York.
Aug. 15, 1933.

Irving Schwartzberg, of New York City, for bankrupt.

Gustav Lange, Jr., of New York City, for George Krouse.

PATTERSON, District Judge.

The petition was a voluntary one. The bankrupt failed to post with the referee the indemnity required by the rules and the case was closed. No first meeting of creditors had been held and no notice had been sent to creditors. More than six months after adjudication the bankrupt obtained an ex parte order reopening the proceedings, and the referee has since called a first meeting of creditors.

It is now too late for creditors to file claims. The bankrupt's offer to permit the filing of claims nunc pro tunc is worthless, since the time cannot be extended by the parties or by the court. This being the case, it would be inequitable to permit the reopening of the proceedings at this time, merely to enable the bankrupt to obtain his discharge.

The motion to vacate the ex parte order reopening the case will therefore be granted.