**In re BOGGESS.**

District Court, E. D. Kentucky, at Catlettsburg.

Jan. 18, 1938.

Jno. S. Fullerton, of Ashland, Ky., for bankrupt.

Caldwell & Gray, of Ashland, Ky., for creditors, Dr. C. C. Woods and others.

SWINFORD, District Judge.

On January 11, 1936, Charles Dudley Boggess, Jr., was adjudged a bankrupt on his voluntary petition. The first meeting of the creditors was held the 23d day of January, 1936. The bankrupt listed as his only asset a one-half interest in a note in the amount of $16,000.

At the first meeting of the creditors this note was discussed and the bankrupt stated that it was secured by a mortgage on a small tract of land. Eventually the trustee realized on the bankrupt's interest in the note $1,600. The bankrupt filed with his schedule of liabilities a list of his creditors, with claims aggregating approximately $1,091.03. One claim was later voluntarily paid by the bankrupt, amounting to $150.

The Bankruptcy Act, § 57n, as amended by the Act of May 27, 1926, and sections 65e, 66b, 11 U.S.C.A. §§ 93(n), 105(e), 106(b), contains the following provisions:

Section 57n. "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication."

Section 65e. "A claimant shall not be entitled to collect from a bankrupt estate any greater amount than shall accrue pursuant to the provisions of this title."

Section 66b. "(b) Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt."

Two of the creditors, with claims aggregating approximately $258.69, filed their claims, duly proven, within six months from the date of the adjudication of bankruptcy.

No other claims were filed or presented within six months after the adjudication, but in June, 1937, which was after the expiration of the six-month period, creditors with claims approximating the aggregate amount of $700 presented to the referee their respective proofs of claims and asked that they be filed and allowed. The bankrupt objected on the ground that the claims were not properly proven or tendered for filing within six months of the date of adjudication. The referee entered an order denying the creditors' motion to file the claims and disallowing the claims.

The creditors, whose claims were disallowed, filed a petition alleging either fraud or mistake on the part of the bankrupt in filing his schedule and prayed that a notice be given to all the creditors and that they be given an opportunity to file proofs of claims; prayed for an order allowing and directing payment of all lawful and just debts. The bankrupt filed a demurrer to this petition. The referee treated the demurrer as the bankrupt's motion to dismiss the petition.

The court is called upon to pass upon the two following questions:

First: Should dilatory creditors be permitted to prove their claims after the expiration of six months from date of adjudication and participate in the distribution where the trustee has sufficient money to pay the costs of administration and all creditors in full where only the bankrupt objects?

Second: Does the petition state facts sufficient to entitle such creditors to prove their claims and be. paid when only the bankrupt objects?

■ The allegation of fraud in the claimants' petition is pleading a conclusion.

The record in the case shows that the bankrupt did nothing to conceal his assets or in any way mislead the claimants. No facts are alleged which would constitute fraud.

■ A motion to dismiss admits only matters of fact well pleaded, not conclusions of law, mere pretenses, and suggestions. New York Life Insurance Co. v. Stoner, 8 Cir., 92 F.2d 845.

In Bush v. Madeira's Heirs, 53 Ky. 212, 14 B.Mon. 212, the court says: "The demurrer admits, for the purpose of testing their sufficiency, the facts stated in the petition or bill; but the exhibits referred to must be taken into view, as controlling any statement which is inconsistent with them, except so far as the exhibits are themselves directly impeached."

■ The petition of the bankrupt is an exhibit to be taken into consideration with the petition of the claimants to allow their claims to be filed. This exhibit shows that the bankrupt listed as assets a one-half interest in the $16,000 note. Certainly this was no concealment of assets.

■ To hold that the claimants should be permitted to file their claims requires a forced construction of a statute which is not open to construction. There is no ambiguity in the language of this section of the Bankruptcy Act and the clause applicable is plain and unequivocal. For this particular case it would seem that Congress might have with wisdom made an exception, but the fact remains that it did not. Congress undoubtedly had the right to fix this limitation and the court can assume no power to extend the period of limitation or to interpolate an exception which Congress expressly declined to do. In re Brill, D.C., 52 F.2d 636.

■ The fact that it is the bankrupt's objection to the filing of the claim adds nothing to the petitioners' contention. With such a fixed limitation giving no exception the court cannot extend the time. In re R. B. Rose Co., Inc., D.C., 43 F. 2d 446.

■ As is said in the case of In re Silk, 2 Cir., 55 F.2d 917, 918, "the assets of the bankrupt [are] not for the benefit of all his creditors, but only for those whose claims are proved and allowed as specified in the Act." And, as further pointed out in the Silk Case, contemplates a return of any surplusage to the bankrupt.

■ Remington on Bankruptcy, § 872, states that "Section 57n was an absolute termination of the Court's power to allow claims that are presented after the expiration of the time limited for filing claims." This section leaves the court without discretion.

Counsel for the claimants cite the cases of Williams, et al. v. Rice, 5 Cir., 30 F. 2d 814; In re Pierson, D.C., 174 F. 160;

In re Towne, D.C., 122 F. 313; and In re Lenox, D. C., 2 F.2d 92.

In the first two of these cases, to wit, Williams v. Rice and In re Pierson, the bankrupt had scheduled no assets. In the case of In re Towne the bankrupt had caused the delay of filing claims by a fraudulent schedule of assets and it was apparently a deliberate attempt to mislead his creditors, the court, and the trustee as to the true beneficiary of an insurance policy.

The case of In re Lenox is directly in point but it is clearly contrary to the great weight of authority.

It is pointed out in the case of Burton Coal Company v. Franklin Coal Company, 8 Cir., 67 F.2d 796, 798, that a decision in the case of In re Burns & Burt, D.C., 18 A.B.R.,N.S., 481, rendered later in the same district, held contrary to that of In re Lenox.

It is therefore the opinion of the court that those creditors not having filed and proven their claims against the bankrupt estate within six months of the adjudication are not entitled to an allowance of their claims.