**In re KORNBLUM.**
**No. 5844.**

District Court, D. Minnesota, Fifth Division.
Feb. 19, 1938.

S. C. Scott, of Chisholm, Minn., for bankrupt.

John M. Gannon of Hibbing, Minn., for Margret Heger.

SULLIVAN, District Judge.

This is a petition on the part of the bankrupt for leave to vacate the discharge heretofore granted him in the above-entitled bankruptcy proceeding, and for an order of the court permitting him to amend his schedules filed in his bankruptcy matter by adding thereto as a creditor one Margret

Heger, whose claim appears to be in the sum of $1,620.

The petitioner was adjudicated a bankrupt on October 7, 1936, and was discharged from bankruptcy on August 21, 1937. Margret Heger, in the schedules filed by the bankrupt, is not listed as one of his creditors.

On May 12, 1937, a suit was instituted by Margret Heger in the District Court at Hibbing, St. Louis county, Minn., against Fred Kornblum, the bankrupt, and Anna Kornblum, his wife. The basis of the suit is an implied contract for the value of the use and rental of certain premises of which the plaintiff claimed to be the owner, and judgment was prayed for in the sum of $3,-250, together with interest. Fred Kornblum interposed a general denial, and also the defense of his adjudication in bankruptcy and his discharge in bankruptcy, and further alleged that the plaintiff knew that he had been adjudged a bankrupt, and was fully conversant with the proceedings in bankruptcy court.

On November 18, 1937, a verdict was returned in favor of Margret Heger and against the bankrupt and his wife, the co-defendant.

The bankrupt, in his petition for an order granting him leave to amend his schedule of creditors, states that he did not know at the time he filed his schedules in the bankruptcy court that he was indebted to Margret Heger in any amount, nor did he know that she made any claim against him for the use and rental of the premises which he occupied, and that the first intimation he had of a claim was when she asserted the same by bringing the suit referred to, and he further states in his petition that he filed his schedule of assets and debts in good faith, and that it was his intention to include in his schedule all of his creditors.

■ The question of good faith of the bankrupt in the preparation and filing of his schedules is a question which the court cannot consider.

Title 11 United States Code Annotated, § 93(n), Bankr.Act § 57n, as amended, provides: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

■ The court is without jurisdiction to grant the bankrupt leave to amend his schedules as prayed for.

Attention of the court has been called to the case of In re Hawk, 1902, 8 Cir., 114 F. 916. In that case, Judge Walter Sanborn, speaking for the court, a petition similar to the one in the case at bar being under consideration, stated that, more than one year having elapsed since the adjudication of the bankrupt, the court had no power to permit such amendment, and that the claim which the bankrupt desired to include in his schedule of debts could not be filed in the bankruptcy proceeding, and, if the court ordered the filing of such a claim, it would amount to depriving the creditor of his property without due process of law.

So in this case, assuming that the court did make an order granting the bankrupt leave to amend his schedule as petitioned, the order would be without any force and effect. The statute which was in effect at the time of the Hawk decision, being section 57n of the Bankruptcy Act, 11 U.S.C.A. § 93(n), is the same as the act now in effect, amendment of May 27, 1926, § 13, section 93(n), title 11 United States Code Annotated, except that the time within which claims must be filed has been changed from one year (57n), to six months (93(n), 11 U.S.C.A.) from and after the date of the adjudication of the bankrupt.

■ It is contended by the bankrupt that the statute is tolled by the fact that the claim of Margret Heger was not reduced to judgment until very recently, and that the claim may be filed within sixty days from and after the date it was reduced to judgment, "liquidated by litigation." The general rule is that "liquidated by litigation" in the statute extending the time for proving claims against a bankrupt estate means litigation to which the estate is a party, and hence excludes suits or claims made directly against the bankrupt. In re Auerbach, D.C., 53 F.2d 482, 483.

Collier, 13th Ed., vol. 2, p. 1183, states: "The phrase 'liquidated by litigation' is general, and the object of the exception which is made to the statutory limit of time is plainly to allow the proof of the claim after the expiration of a year by a creditor who during that time was engaged in litigation with the bankrupt's estate concerning its liability to him."

■ The common type of claim within the contemplation of "liquidation by litigation"

is one wherein a secured creditor, after having elected to stand on his security, has been stripped of such security by an action instituted by the trustee and terminating after the expiration of the time within which claims may be filed. Page v. Rogers, 211 U.S. 575, 29 S.Ct. 159, 53 L.Ed. 332; Keppel v. Tiffin Savings Bank, 197 U.S. 356, 25 S.Ct. 443, 49 L.Ed. 790.

■ The claim of Margret Heger is not such a claim as is affected by the exception to the statute, "liquidated by litigation." It is a claim against the bankrupt and the codefendant personally. The assets of the estate were not affected by the claim which she prosecuted in the state court, and she at no time filed a claim in the bankruptcy proceeding, nor did she give any notice to the trustee in bankruptcy of her claim against the bankrupt.

■ Where there is no question as to the good faith, but mere negligence and inattention to the matter of preparing and filing schedules, the court is not empowered to permit the filing of claims after the six-month period. Wellborn Clark Phillips v. Tarrier Company of Delaware, January 4, 1938, 5 Cir., 93 F.2d 674, 35 A.B.R.,N.S., 245.

■ It is contended by the petitioner that the bankruptcy court, in light of its powers in equity, may permit the filing of this claim. In Burton Coal Company v. Franklin Coal Company et al., 8 Cir., 67 F.2d 796, it is stated that the bankruptcy court is a court in equity in the sense that its judges and referees, in adjudging the rights of parties entitled to their decision, are governed by principles and rules of equity jurisprudence, but that the plain mandate of the law cannot be set aside because of considerations which may appear to the referee or judge as falling within the general principle of equity jurisprudence. Section 93(n) eliminates any common-law equity power of the court to extend the time. See In re R. B. Rose Company, Inc., D.C. N.Y., 43 F.2d 446.

■ The application does not arise on the petition of the creditor. The creditor has seen fit to disregard the bankruptcy proceedings, and has instituted her action in the state court, and has recovered judgment in that court as against the bankrupt, and this court at this time is without authority to require claimant to file her claim in this bankruptcy proceeding. The discharge of the bankrupt was pleaded in that proceeding, and the question as to the effect of the discharge in the bankruptcy proceeding of this petition has been determined in the state court, and this court, of course, cannot interfere with the decision of the state court in the matter. Questions as to the effect of the discharge in bankruptcy are necessarily left to the decisions of the court in which the action is pending. In re Rosenthal, D.C., 108 F. 368; Hellman v. Goldstone, 3 Cir., 161 F. 913; In re Lockwood, D.C., 240 F. 161.

While the present situation is an unfortunate one for the petitioner, it is one in which the court has no alternative, in view of the mandatory provisions of section 93(n), title 11 U.S.C.A., but to deny the bankrupt's petition.