## CORPUS CHRISTI HARDWARE CO. v. WUNDERMAN.

### In re COVACEVICH.

### No. 8833.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1938.

Robt. H. Rice, of San Antonio, Tex., for appellant.

V. W. Taylor and Fred B. Wagner, both of Brownsville, Tex., for appellee contra.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

On July 8, 1935, appellant, Corpus Christi Hardware Company, recovered a judgment against Geo. A. Covacevich in the District Court of Nueces County, Texas. The judgment was for $17,633.71 and foreclosed a mortgage on certain realty located in Cameron County, Texas. On September 6, 1935, at the request of appellant, the sheriff of Cameron County, Texas, levied as under execution on a stock of merchandise belonging to said judgment debtor and located in Brownsville, Texas. The property was sold on September 23, 1935, to the Rio Grande Hardware Co. for $500, and this amount was credited to the debtor's judgment. On the day of this sale Covacevich was adjudicated a bankrupt. Wunderman, trustee and appellee, brought suit against appellant and others in the state court on November 18, 1936, for the value of the goods sold at the execution sale. A judgment based on the stipulation and agreement of the parties was entered in favor of the trustee on May 27, 1937, for $3200. This judgment was fully satisfied on November 22, 1937. On November 24, 1937, a claim was filed by Corpus Christi Hardware Company with the referee setting out the full amount that was owed by the bankrupt to the appellant, as shown by the judgment recovered by appellant on July 8, 1935.

The filing of this claim was contested by the appellee on the grounds that it was filed too late, and that at the time of entry of the judgment of May 27, 1937, the appellant agreed not to file such a claim. The referee heard testimony and allowed the claim, holding that it had been filed in time, and that no binding agreement not to file a claim had been made. An appeal was taken to the United States District Court for the Southern District of Texas, and the order of the referee was reversed

and the claim ordered expunged from the record. From the decree of the District Court comes this appeal.

There are two material propositions here presented: (1) Was the claim filed within the time required by law? (2) Was there a binding agreement not to file a claim?

The appellant contends that the proceeding between the trustee and the creditor was one to recover a preference under Sec. 60b of the Bankruptcy Act, 11 U.S.C.A. § 96(b), and is therefore governed by Sec. 57g of the Bankruptcy Act, 11 U.S.C.A. § 93(g), and that as a recovery was had by the trustee, the creditor had the right to file his claim. Appellant also contends that no time limit for filing a claim is specified by Sec. 57g, and that Sec. 57n of the Bankruptcy Act, 11 U.S.C.A. § 93 (n), wherein a time limit is specified, is not controlling, in that this is not a claim "liquidated by litigation".

Under Sec. 57n every creditor loses his right to prove his claim if not made within six months after adjudication in bankruptcy. Tarbell v. Crex Carpet Co., et al., 8 Cir., 90 F.2d 683, and cases cited. "The year limit (now six months) is extended only in favor of claims which have been 'liquidated by litigation.' Is this such a claim? We are not at liberty to follow the argument (however plausible) that this provision does not extend to claims under section 57g in the face of the long line of rulings that it does embrace them. These rulings make discussion fruitless." In re Louis J. Bergdoll Motor Co., D.C., 230 F. 248, 252, affirmed in 3 Cir., 233 F. 410, and cases cited.

The term "liquidating litigation" must be given a fairly broad meaning. Carrol Electric Co. v. Snelling, 1 Cir., 62 F.2d 413.

"So it would seem now that the prohibitions of 57n have been so relaxed by judicial construction that almost any litigation with the trustee is sufficient to amount to a 'liquidation' and to remove the bar of the year's (now six months) limitation." 2 Remington on Bankruptcy, 3d. Ed., Sec. 864, p. 266. "A suit to recover a preference is a 'litigation' within the meaning of this clause, and after judgment against a creditor in such suit, he may prove his claim within 60 days thereafter, unless the judgment was rendered more than 30 days before the six months period

had run." Collier on Bankruptcy, 4th Ed., Sec. 1088, p. 799, and cases cited; Willcox v. Goess, 2 Cir., 92 F.2d 8; Hair v. Byars, 5 Cir., 92 F.2d 684.

We are of opinion that under the authorities the claim of Corpus Christi Hardware Company was, at most, one liquidated by litigation. Not having been filed within 60 days after the final judgment it was barred, and properly disallowed by the District Court. In re Kornblum, D.C., 22 F.Supp. 245; In re Cook, D.C., 298 F. 125.

If we were not clear in our opinion that the claim in question was filed too late, it further appears, from the evidence, that this right was expressly waived. Smith v. Lipscomb, 13 Tex. 532; Loya v. Bowen et al., Tex.Civ.App., 215 S.W. 474.

Under our view, since the claim was filed too late, we need not pursue the question further.

The judgment is affirmed.

HOLMES, Circuit Judge (specially concurring).

I concur in the result, because more than sixty days elapsed between the rendition of the judgment, which liquidated the claim on May 27, 1937, and November 24, 1937, the date on which the claim was filed.