### In re BENDER BODY CO.

No. 55795.

District Court, N. D. Ohio, E. D.

Nov. 27, 1942.

868

Henry B. Johnson and Paul Clarke, both of Cleveland, Ohio, for trustee.

Lynch, Day, Pontius & Lynch, of Canton, Ohio, for Timken Roller Bearing Co.

Jones, Day, Cockley & Reavis, of Cleveland, Ohio, for Midland Steel Products Co.

WILKIN, District Judge.

This case was presented on the several petitions of Midland Steel Products Company, The Timken Roller Bearing Company, and Robert S. Sugarman, for review of the referee's orders disallowing their respective claims. The certificate of review shows that the Bender Body Company filed its petiton for reorganization under Chapter X of the Bankruptcy Act, § 101 et seq., 11 U.S.C.A. § 501 et seq., on February 19, 1941; that no plan was offered and that the company was thereafter adjudicated a bankrupt; that the referee thereupon sent notice that the first meeting of creditors would be held on August 4, 1941; that such notice was in the usual form used in bankruptcy proceedings and included the statement that "The time for filing claims expires six months from the above date of the first meeting of creditors"; that each of said petitioners filed proof of claim with the referee within six months but more than three months after such meeting, the filing date of the claim of the Midland Steel Products Co. being January 8, 1942, of the Timken Roller Bearing Co., December 10, 1941, and of Sugarman, December 18, 1941. The trustee filed an objection to each of such claims because the date of filing was "subsequent to the expiration of three months after the first date set for the first meeting of creditors", etc. The referee sustained such objections, and the petitioners now seek a reversal of such order.

■ The petitioners concede that Section 238 of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 638, requires that claims "be filed prior to the expiration of three months after the first date set for the first meeting of creditors". They state, however, that their filing subsequent to such three months period was induced by the statement contained in the notice sent by the referee, which statement had reference to the six months period allowed in Sec. 57, sub. n, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n. The petitioners admit that Sec. 238 of Chapter X is the applicable section in a case like this. They in-

sist, however, that the court, in the exercise of its general equitable jurisdiction, may grant relief in such circumstances and permit the filing of the claims even though subsequent to the statutory limitation fixed by Sec. 238. The referee held:

"That the bankruptcy court does not have general equity jurisdiction, and its right to resort to equity is limited to the administration and enforcement of the bankruptcy law, and where the limitation is fixed by statute the bankruptcy court is without authority to modify or change the statutory provision.

"That the objection of the trustee to the filing of the said claim beyond the three months period must be sustained and the claim disallowed in its entirety."

■ There is abundant authority that the statutes in question, both Sec. 57, sub. n, and Sec. 238, are, as the referee said, statutes of limitation and that "the referee in bankruptcy does not have power to extend such limitation period". This court is constrained to hold, however, that: "By virtue of § 2 [11 U.S.C.A. § 11] a bankruptcy court is a court of equity at least in the sense that in the exercise of the jurisdiction conferred upon it by the act, it applies the principles and rules of equity jurisprudence." Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 244, 84 L.Ed. 281. And, as stated in the opinion of that case: "The bankruptcy courts have exercised these equitable powers in passing on a wide range of problems arising out of the administration of bankrupt estates. They have been invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done. By reason of the express provisions of § 2 these equitable powers are to be exercised on the allowance of claims, a conclusion which is fortified by § 57, sub. k, * * *. For certainly if, as provided in the latter section, a claim which has been allowed may be later 'rejected in whole or in part, according to the equities of the case', disallowance or subordination in light of equitable considerations may originally be made." And note 11 appended to the paragraph just quoted, contains the statement: "* * * And even though the act provides that claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication, the bankruptcy court in the exercise of its equitable jurisdiction has power to permit claims to

be proved thereafter in order to prevent a fraud or an injustice. Williams v. Rice, 5 Cir., 30 F.2d 814; In re Pierson, D.C., 174 F. 160; Larson v. First State Bank, supra [8 Cir., 21 F.2d 936, 938]."

■ In the case of Pepper v. Litton, supra, the equitable jurisdiction was exercised in order to relieve against fraud. But it seems to this court that the principles established are broad enough to enable the court to relieve against mistake induced by the error of its own officers. It seems indeed that the authority of courts to relieve against their own errors is inherent. Where it is physically possible to do so and there are no superior intervening rights, courts, if authorized, should be eager to relieve against injury induced by the mistakes of their officers. In this case two of the petitioning creditors were listed as such in the schedules of the bankrupt, and that the other petitioner has a claim is not disputed. It does not appear that anyone was injured by the fact that the claims were not filed within the statutory three months.

■ If courts are authorized through the exercise of general equitable jurisdiction to require just and fair dealing on the part of others, they ought themselves to set a standard of such conduct. If they can relieve against injuries occasioned by fraud or error of litigants, surely they ought not to allow their officers to take advantage of their own errors nor impose penalties for mistakes induced by their own errors. Since the delay in filing was induced by the erroneous statement in the notice sent by one officer, the referee, it would seem to be only just for the court to say to its other officer, the trustee: Take no advantage of the delay which was induced by the erroneous notice.

Judge Lowell held, In re Towne et al., D.C., 122 F. 313, that Section 57, sub. n, of the Bankruptcy Act " * * * should not be so construed as to prevent proof of a valid claim after the expiration of a year, where * * * the delay was caused by [the bankrupt's] fraud in so misstating facts in his schedule as to make it appear that there was no estate for distribution." The judge stated: "It is not necessary to decide what would be the petitioner's rights, if he had been misled, not by the fraud of the bankrupt, but by the bankrupt's honest mistake."

But this court is confident that if it had been necessary to so rule, the bankrupt would not have been allowed to take advantage of his own mistake even if honest. In Williams v. Rice, supra, 30 F.2d at page 815, the court says: "If a creditor is negligent, he may not file his claim after the limitation of the statute has run, but a new situation arises whenever the bankrupt, although unwittingly, has deceived the creditors, and he is the only one asserting an adverse interest in the assets." If that is true, it seems that the court should not permit any technical objection to a delay induced by its own erroneous statement. In re Credit Service, Inc., D.C.Md., 38 F.Supp. 761.

■ The purpose of the statutes in question was to expedite the settlement of estates. It cannot be said that there was any gross neglect or delay on the part of the petitioners, nor that such delay as there was occasioned any postponement of the settlement of the estate. Even though the statutes are construed as limitations, still the equitable powers of the court are such that it can restrain parties from taking unfair advantage of such statutes. As was stated by Judge Sanborn in Larson v. First State Bank, supra: "Established principles and rules of practice in equity are that he who seeks equity may be required to do equity, and that a chancellor or a court of equity may condition the grant of equitable relief to the complainant or the moving party with the enforcement of a defendant's opposing equities, although those equities are barred by limitation to such an extent that they may not be enforced by an original suit or proceeding by the latter." Page 938 of 21 F.2d and authorities there cited.

The objections to the petitioners' claims should therefore be overruled and the claims considered according to law.