### In re 74 KNOWLES STREET CORPORATION.

No. 40937.

District Court, E. D. New York.

Oct. 18, 1943.

Martin J. Forgang, of New York City, for trustee Sol A. Herzog.

Michaels & Michaels, of New York City, for creditor Delf Associates, Inc.

MOSCOWITZ, District Judge.

The trustee seeks to review the order of the referee made on August 30, 1943, which granted leave to the Delf Associates, Inc., to file its written proof of debt with the referee nunc pro tunc as of February 10, 1942.

On February 10, 1942, the bankrupt was duly adjudicated as such. The first meeting of creditors was held on June 3, 1942.

Title 11 U.S.C.A. § 93, sub. n,[1] in very definite and unmistakable language, permits a creditor to file a proof of claim against the bankrupt's estate within six months after the first date set for the first meeting of creditors.

The court is not vested with discretion to extend the time beyond the six months' period. See In re Paragon Novelty Bag Co., Inc., City of New York v. Jersawit, 2 Cir., 135 F.2d 210; In re Ebeling, 7 Cir., 123 F.2d 520; In re Kornblum, D.C., 22 F.Supp. 245; In re Boggess, D.C., 21 F.Supp. 905; In re Bender Body Co., D.C., 47 F.Supp. 867; In re Schildhaus, D.C., 4 F.Supp. 696; In re Baker's Baking Co., D.C., 285 F. 652; In re Brill, D.C., 52 F.2d 636.

There can be no doubt that this was the intention of the Congress. It so expressed it in the statute and in the Senate Report No. 1916 on H.R. 8046, 75th Congress, 3rd Sess. (1938) 5, (3 Collier on Bankruptcy, 14th Edition, p. 116, footnote 35).[2]

---

[1] "Except as otherwise provided in this title, all claims provable under this title, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however, that the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or subdivision thereof: Provided further, That, except in proceedings under chapters 10, 11, 12, and 13 of this title, the right of infants and insane persons without guardians, without notice of the bankruptcy proceedings, may continue six months longer: And provided further, That a claim arising in favor of a person by reason of the recovery by the trustee from such person of money or property, or the avoidance by the trustee of a lien held by such person, may be filed within thirty days from the date of such recovery or avoidance, but if the recovery is by way of a proceeding in which a final judgment has been entered against such person, the claim shall not be allowed if the money is not paid or the property is not delivered to the trustee within thirty days from the date of the rendering of such final judgment, or within such further time as the court may allow. When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case." (enacted June 22, 1938).

[2] "The House bill includes within the bar time for the proving of claims, all claims of the United States and of any State or subdivision thereof. The committee has both strengthened and extended this proposed amendment by providing, first, that such claims must actually be filed within the bar time, and, second, by permitting additional time for the filing of such claims upon application for cause shown. The committee agrees with the proposal that governmental claims should be subjected to the same requirements as other claims but is of the opinion that the limitation should be tempered by the provision for extension, for the reason that it is sometimes difficult for the Government to prepare and present its claims within a fixed time. The limitation will speed up the closing of estates, and the extension will provide a reasonable flexibility."

An enlightening statement is contained in 3 Collier on Bankruptcy, 14th Edition, pages 321–322, concerning this question: "The Act of 1938, however, with its manifold amendments to Section 57n, added as they were with full knowledge of the existing divergences of judicial views, constitutes a distinct reinforcement of the reasoning in favor of strict and 'equity-proof' application of the statutory limitation. In allowing for extension of the time to file governmental tax claims, and in allowing the belated filing of proofs in cases where there is a surplus after all the other creditors have been paid in full, the Act unmistakably implies that under no circumstances other than those specifically referred to in the statute may the court admit a claim to untimely proof, but that it is under a duty to disallow it, with no power to substitute equitable considerations for the manifest intent of Congress."

Prior to the Amendment of 1938 there were some decisions to the effect that the court was vested with equitable powers to extend the time and there were other decisions to the contrary. The six months' provision is in the nature of a statute of limitations. The court is bound by the statute limiting the time to six months; it cannot enlarge the time. This has been the uniform holding in this district.

The referee erred in permitting the proof of claim to be filed. Even if the law permitted the filing of a proof of claim after the six months' period (which it did not) the granting of further time in this case would not be justifiable. Both upon the law and facts it was an error to permit the proof of claim to be filed.

The order of the referee will be reversed.

Settle order on notice.