## In re WINTHROP MILLS.

### No. 23714.

United States District Court
D. Maine, S. D.

Aug. 8, 1952.

Benjamin L. Berman, Lewiston, Me., Meyer Boskey, New York City, for petitioners.

Wilfred A. Hay, Portland, Me., for trustee.

CLIFFORD, District Judge.

By their petition, Allen L. Goldfine and Rose S. Goldfine ask review of the Referee in Bankruptcy's Order dated July 26, 1952, directing the sale of the assets of the bankrupt free and clear of liens. By his Order the Referee in Bankruptcy has directed a sale of the property by sealed bids to be filed with the trustee in bankruptcy and to be opened by the trustee. While the order contains other provisions, it is only to this to which objection is made by the petitioners.

General Order No. 18 of the General Orders of Bankruptcy, 11 U.S.C.A. following § 53, contains provision that all sales shall be by public auction unless otherwise ordered by the Court. A sale at public auction contemplates competitive bidding in an open market, the public being invited to bid. In re Bender Body Co., D. C., 47 F.Supp. 867, 47 Am.Bankr.Rep., N.S., 353. Such a sale as was ordered by the Referee in Bankruptcy is not a sale at public auction.

While it is true the Bankruptcy Court has jurisdiction to order a sale of either real or personal property at private sale, see In re Edes, D.C.Me., 135 F. 595, this Court has long adhered to the policy of ordering that all sales of bankrupt property be made at public auction unless good cause be shown for permitting sales to be made in some other manner.

Without in any way attempting to define the situations in which a private sale might be permitted, by way of example it might be said that private sale of perishables obviously should be permitted under some circumstances.

However, in order to establish a basis of permitting any sale of bankrupt property other than by public auction in this Court, it is necessary to assert real and compelling reason. No sufficient reason appearing in this case for a departure from the established practice of this Court, I have no alternative but to grant the petition for review, and overrule the Order of the Referee in Bankruptcy.

It is therefore ordered, adjudged, and decreed that the Order of the Referee in Bankruptcy dated July 26, 1952 be and hereby is reversed and the matter is remanded to the Court below for an order in accordance with this opinion.