### In re Burt COMMON and Deborah Common, Debtors.

### Bankruptcy No. 84 B 11027.

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 23, 1987.

Lawrence Friedman, Chicago, Ill., for creditors.

Richard W. Gillis, Chicago, Ill., for debtors.

### MEMORANDUM AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter comes to be heard on the motion of Burt Common and Deborah Common (the "debtors") to reopen their closed Chapter 7 case for the purpose of amending schedule A–3 to add certain omitted creditors, Michael Collins and Margaret Collins (the "creditors"). The court, having carefully considered the pleadings filed herein, does hereby grant the debtors' motion to reopen the closed case and amend schedule A–3 to add Michael Collins and Margaret Collins as creditors.

### THE FACTS

On September 6, 1984, the debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 2002(e), creditors were notified that the case appeared to be a no-asset case and therefore it was unnecessary to file a proof of claim unless and until creditors were notified that assets were discovered from which a dividend could be paid. The court granted debtors a discharge of all scheduled debts on February 7, 1985, and on May 31, 1985, the case was closed. Since no assets were discovered subsequent to debtors' discharge, no specific bar date was ever set by which creditors were required to file proofs of claim.

The claim which forms the basis for the present motion to reopen arises from an automobile accident which occurred in De-

cember, 1983. At that time, the debtors' automobile collided with a parked City of Chicago police car. One of the creditors, Michael Collins, was the police officer inside the parked car. The debtors were issued a traffic citation at the scene of the accident but were later acquitted of any violations. Nevertheless, creditors filed a personal injury suit against the debtors in state court after the bankruptcy case was closed. The debtors received notice of this action on September 5, 1985 when they were served with summons. A default judgment was entered against the debtors on April 1, 1986. On July 31, 1986, the debtors filed the present motion to reopen.

In their motion, the debtors argue that they failed to include the creditors' claim on their original schedules because they had no notice of any such claim. The debtors contend that they first learned of the creditors' claim when they were served with the state court summons seven months after their discharge. At no time were the debtors aware of a claim by Margaret Collins, who was not present at the scene of the automobile accident. The debtors further argue that since a no-asset report was filed, the creditors have not been prejudiced by the debtors' failure to list them.

In opposition to the motion to reopen, the creditors contend that the debtors are guilty of laches in waiting from September, 1985 until July, 1986 to seek authority to amend their schedules. The creditors allege they have been prejudiced and caused to incur needless expense as a result of debtors' negligence and lack of due diligence. Therefore, the creditors seek to have the motion to reopen denied or, alternatively, that they be awarded costs and reasonable attorneys' fees in the amount of $350.00 should debtors' relief be granted.

## DISCUSSION

Section 350(b) of the Bankruptcy Code provides as follows:

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b) (West 1986). Bankruptcy Rule 5010 provides that a case may be reopened on motion of the debtor or other party in interest pursuant to section 350(b). A debtor's goal to be discharged of a debt by adding additional creditors is a proper purpose for a bankruptcy court to reopen a closed case "to accord relief to the debtor." *Matter of Davidson*, 36 B.R. 539, 543 (Bankr.D.N.J.1983). Nevertheless, whether to reopen a bankruptcy case and allow amendment of schedules is committed to the sound discretion of the bankruptcy judge. *In re Rosinski*, 759 F.2d 539, 541–542 (6th Cir.1985). Where there has been an omission of a creditor through an honest mistake and the rights of all parties will not be prejudiced by the amendment, amendments are generally liberally allowed. However, the courts are unanimous in denying a motion to reopen where a debtor's failure to include a creditor on the original schedule was part of a scheme of fraud or intentional design. *In re Gray*, 57 B.R. 927, 930 (Bankr.D.R.I.1986).

Even if an amendment of schedules is allowed, section 523(a)(3) bars a debt from being discharged if it was not properly scheduled in time to allow the creditor to timely file a proof of claim and, if the debt is based on fraud, misconduct of a fiduciary, embezzlement, larceny, or wilful and malicious injury, in time to permit the creditor to file a complaint to determine the dischargeability of the particular debt. Section 523(a)(3) provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

.    .    .    .    .    .

The Seventh Circuit in *Matter of Stark,* 717 F.2d 322 (7th Cir.1983) concluded that it was only this singular right to timely file a proof of claim that was protected by section 523(a)(3). Thus, the court of appeals in *Stark* held that, where no bar date had ever been set because a report of no assets had been filed, a creditor would not be irrevocably harmed by a reopening of a case and an amendment of schedules so long as there has been no evidence of fraud or intentional design. *Id.* at 324. *See also In re Rosinski, supra,* 759 F.2d 539; *In re Scism,* 41 B.R. 384, 388 (Bankr.W.D.Okla. 1984).

In attempting to ascertain whether a debtor seeking to reopen and amend has engaged in fraud, intentional design, or reckless disregard for the accuracy of schedules, this court has recently expressed its opinion that three factors should be considered: 1) when the debtor first had knowledge of the claim at issue; 2) the length of the delay before the debtor moved to reopen the case to amend schedules; and 3) the debtor's excuse for the omission. *See In re Glen E. Smith,* 68 B.R. 897 (Bankr.N.D.Ill.1987). Thus, where (1) the debtor knew of the claim before his case was closed; (2) the debtor waited a substantial period of time after the case was closed to move to reopen and amend; and 3) the debtor has no valid justification for the original omission, a closed case should not be reopened in order to discharge an unscheduled debt. *Id.*

In the present case, the creditors do not dispute the debtors' contention that they were unaware of the creditors' claim at the time they filed their original schedules or at any time prior to the closing of the case. Moreover, the creditors do not take issue with the fact that, prior to being served with the state court summons in September, 1985, the debtors believed that the only claim arising from the subject automobile accident was a traffic citation for which they were acquitted. Rather, the creditors' principal objection is that the debtors waited from September, 1985 until July, 1986 to file their motion to reopen, thereby injuring the creditors. In the *Smith* case, *supra,* this court considered and denied a motion to reopen to amend schedules, concluding that a two-year delay in moving to amend was substantial when considered in conjunction with other factors demonstrating fraud or intentional design, *i.e.,* the debtor in that case knew of the claim before the case was closed and had no valid excuse for such omission prior thereto. While the period of delay in the present case could be considered substantial, this court is of the opinion that delay alone, even if of substantial duration, is insufficient to warrant denial of a motion to reopen a closed case to amend schedules in the absence of any other factor demonstrating fraud, intentional design, or reckless disregard. Although a debtor should move to reopen a closed case to amend schedules at least before a default judgment is entered against him, and preferably as soon as possible upon learning of the claim at issue, any prejudice caused by a debtor's delay can be remediated by requiring the payment of reasonable attorneys' fees expended by the creditor in attempting to collect a debt omitted from a petition.

Based upon the foregoing, the court concludes that the debtors herein may reopen their Chapter 7 case to add the creditors' claim to their schedules since the debtors have not demonstrated fraud, intentional design, or reckless disregard for the accuracy of their schedules. The court further concludes, however, that the debtors must pay the reasonable attorneys' fees expended by the creditors in attempting to collect this debt from the time the creditors should have received notice of the bankruptcy petition having been filed (September 5, 1985) until the time they actually received such

notice (July 31, 1986). *See Matter of Davidson, supra,* at 544; *In re Scism,* 41 B.R. 384, 388 (Bankr.W.D.Okla.1984).

THEREFORE, IT IS HEREBY OR-DERED that debtors' motion to reopen for the purpose of amending their schedules to add Michael Collins and Margaret Collins as additional creditors be, and is hereby granted. IT IS FURTHER ORDERED that the case be held open for thirty days and then closed if the creditors have not filed a complaint to determine the dis-chargeability of the subject debt within that thirty-day period. *See In re Hood,* 48 B.R. 386 (Bankr.N.D.Ala.1985). IT IS FURTHER ORDERED that the debtors herein pay the reasonable attorneys' fees expended by the creditors in the amount of $350.00.