**In re Rodney DeWayne MINNIEAR & Beatrix Gisela Minniear, Debtors.**

**Bankruptcy No. 87–01731–2.**

United States Bankruptcy Court, W.D. Missouri.

Aug. 10, 1988.

Steven C. Block, Independence, Mo., for debtors.

John H. Campbell, Kansas City, Mo., for Shughart, Thomson & Kilroy and Douglas C. Miller, P.A.

Charles E. Rubin, Kansas City, Mo., trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Rodney DeWayne Minniear and Beatrix Gisela Minniear filed their joint petition for relief under Chapter 7 on April 27, 1987. It was a "no asset" estate and debtors were discharged on August 10, 1987, and the case closed in November of 1987. On November 25, 1987, the law firm of Shughart, Thomson & Kilroy and the firm of Douglas C. Miller, P.A., neither of whom was listed as creditors of Rodney DeWayne Minniear in the bankruptcy proceeding, sued Minniear along with three other individuals. All four defendants had been principals in a business known as Automotive Post Sale Profit Builders, Inc. prior to the forfeiture of its corporate charter and had continued that business after the forfeiture.

Debtor Rodney DeWayne Minniear did not seek reopening of the bankruptcy proceeding nor did he formally contest the lawsuit. Instead he sought to compromise the matter with the plaintiffs which efforts

finally resulted in a default judgment being entered on June 7, 1988, against Mr. Minniear. That same date, the debtors filed their Motion To Reopen Case for the sole purpose of listing the state court plaintiffs as unsecured creditors. Debtors cite *In re Common*, 69 B.R. 458 (Bkrtcy.N.D.Ill.1987) as authority for such action. However, even that case suggests there is a penalty for such a laches fraught Motion To Reopen, i.e., imposition of attorney fees.

On the other side of the issue is *In re Hawkins*, 727 F.2d 324 (4th Cir.1984) wherein a divided Fourth Circuit panel affirmed the denial of reopening by the bankruptcy judge on comparable facts. *Hawkins* notes and distinguishes the three general rules enunciated by the various cases. Those are:

1. There is no restriction or time limit on the ability of the debtor to reopen to add creditors; or

2. Once the estate is closed, the debtors cannot later reopen to add creditors; or

3. The right to reopen depends on the circumstances of the individual case and is "committed to the (bankruptcy) court's discretion."

The Fourth Circuit ruled that Rule 3 above was the best and sustained the lower court. Such a result has been the well settled result in the Eighth Circuit since 1932. *Hunter v. Commerce Trust Co.*, 55 F.2d 1 (8th Cir.1932).

What then are the equities? On the one hand is the avowed "fresh start" envisioned by Congress in promulgating the Bankruptcy Reform Act of 1978. On the other hand is the debtors' delay from December of 1987 until June of 1988 to commence the reopening steps which certainly has caused creditors the expenditure of time and money. Both creditors are in the business of selling their time, per se, and disregard of its value by the debtors should not be encouraged. Also both creditors have engaged counsel who will bill accordingly for all of their time expended after December of 1987. Further this Bankruptcy Court does not relish the concept that it is to be cast in the legal framework of a final fall-back safety net. This is a Court of limited but initial jurisdiction, not a Court of last resort. After publication of this opinion, debtors who delay seeking reopening to pursue other remedies or negotiations for any protracted period of time, all to the detriment of unlisted creditors, will receive short shrift from this Court.

Accordingly, the creditors are allowed $1,000.00 to compensate them for their time and expenses incurred from December of 1987 until June of 1988. Upon advice of counsel of all the parties that arrangements have been made to effectuate payment thereof in some reasonable fashion, debtors will be permitted to reopen their estate, list the aforesaid two creditors and seek discharge of the claims thereof.