In the Matter of Terry Stephen STARK and Debra Jean Stark, Debtors.

Terry Stephen STARK and Debra Jean Stark, Plaintiffs-Appellees,

v.

ST. MARY'S HOSPITAL, Conducted by the Sisters of the Third Order of St. Francis, a Not-For-Profit Corporation, Defendant-Appellant.

No. 82–3034.

United States Court of Appeals, Seventh Circuit.

Argued April 4, 1983.

Decided June 28, 1983.*

Opinion Sept. 21, 1983.

Darrell E. Statzer, Jr., Monroe, Wilson, Dyar, McDonald & Moss, Decatur, Ill., for defendant-appellant.

John Barr, Whitley, Fuller, Suter, Hopp, Barr & McCarthy, Decatur, Ill., for plaintiffs-appellees.

Before BAUER, POSNER, Circuit Judges, and JAMESON, Senior District Judge.**

PER CURIAM.

The sole question presented on this appeal is whether Terry Stephen Stark and Debra Jean Stark (the Starks), appellees, should be allowed to reopen their bankruptcy estate for the purpose of listing an additional creditor, St. Mary's Hospital (the Hospital), appellant, pursuant to 11 U.S.C. § 523(a)(3) and Rule 302(e)(4) of the Bankruptcy Act.

The parties have agreed upon the following statement of the case, pursuant to F.R. A.P. 10(d):

The Starks utilized the services of the Hospital from June 22, 1980, until July 3, 1980, and the charge for these services is the underlying debt at issue in this case. On August 28, 1980, the Starks filed a Joint Bankruptcy Petition and were granted a discharge on November 28, 1980. The Starks had insurance and properly submitted the claim of the Hospital to their insurance carrier. At the time of the filing of their Petition, the Starks believed the Hospital's bill would be paid by insurance, and, therefore, the Hospital was not listed in their bank-

---

* This appeal was originally decided by an unpublished order on June 28, 1983 pursuant to Circuit Rule 35. The Court has subsequently decided to issue that decision as an opinion.

** The Honorable William J. Jameson, Senior District Judge of the District of Montana, is sitting by designation.

ruptcy schedules. On June 4, 1981, the HOSPITAL filed suit and on November 20, 1981, obtained judgment against the STARKS for the amount of the bill. Thereafter, the STARKS filed a Motion for Relief under 28 U.S.C. 60 with the Bankruptcy Court and sought to have their estate reopened in order that the HOSPITAL's debt could be added and subsequently discharged. The Bankruptcy Court denied that motion, and the STARKS appealed to the United States District Court for the Central District of Illinois, Springfield Division. The U.S. District Court reversed the decision of the Bankruptcy Court and allowed the reopening of the estate. The HOSPITAL appeals from that Order.

Appellant Hospital contends that (1) the bankruptcy court, 26 B.R. 178, properly ruled that the Starks failed to meet the requirements of section 523(a)(3) [1] of the Federal Bankruptcy Code and Bankruptcy Rule 302(e)(4) [2] for reopening their estate; and (2) that it was properly within the discretion of the bankruptcy judge to deny the Starks' motion to reopen.

Appellant argues, as the bankruptcy court concluded, that since the Hospital was not listed as a creditor and had no notice or actual knowledge of the bankruptcy, the Starks' debt was not discharged under § 523(a)(3). It is argued further that even if the case is reopened, the Hospital would be precluded from filing a claim because it is barred by Bankruptcy Rule 302(e)(4) pro-

viding that claims must be filed within six months after the first date set for the first meeting of creditors.

In reversing the decision of the bankruptcy court denying Starks' motion to reopen, the district court found that: (1) the Starks did not possess assets subject to the claims of their creditors; (2) all the creditors received was a notice stating that it was unnecessary to file a claim unless additional assets were discovered, in which case the creditors would be notified and given an opportunity to file a claim; (3) the time for filing the claim had not passed and any creditor could file a claim if assets were discovered by the trustee; (4) even though the Hospital was not listed on the schedule of creditors, it is no different than any other creditor and may file a claim if assets are discovered by the trustee; (5) the failure to schedule the Hospital as a creditor was not the result of fraud or intentional design, (citing *In re Cafferky,* [1977–78] Bankr.L.Rep. (CCH) ¶ 66,518 (Bankr. E.D. Tenn. July 29, 1977)); (6) section 523(a) should not be mechanically applied to deprive a debtor of a discharge in a no asset case where there is no showing of fraud or genuine harm to the creditors, (citing *In re Callaham,* [1977–78] Bankr. L.Rep. (CCH) ¶ 66,465 (E.D.Ore. May 5, 1977)); and (7) the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice, (citing *Kenneal-*

---

1. Under 11 U.S.C. § 523(a)(3) a discharge is not granted for any debt that was
   neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
   (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

2. Bankruptcy Rule 302(e)(4) provides:
   (e) Time for Filing. A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:
   (4) If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears

possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.
Bankruptcy Rule 203(b) provides:
   (b) Notice of No Dividend. If it appears from the schedules that there are no assets from which a dividend can be paid, the court may include in the notice of the first meeting a statement to that effect, that it is unnecessary to file claims, and that if sufficient assets become available for the payment of a dividend, the court will give further notice of the opportunity to file claims and the time allowed therefor.

*ly v. Standard Electronics Corp.,* 364 F.2d 642, 647 (8 Cir.1966)).

We agree with the district court. In a no-asset bankruptcy where notice has been given pursuant to Rule 203(b), a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design. In this case the creditor has not been harmed in any way, and the debtors have not been required to forfeit any of their benefits under the Bankruptcy Code.

We cannot agree with the Hospital's contention that even if the estate is reopened and assets should later become available from which a dividend might be paid, the Hospital would be precluded from filing a claim because of the six month statute of limitations found in Rule 302(e). At the present time, the debtors do not possess assets subject to the claims of creditors. Thus, it is unnecessary to file a claim unless additional assets are discovered: Rule 302(e)(4) provides that if assets are found and a payment of dividend appears possible the creditors are to be notified and granted a reasonable time to file their claims. The case relied upon by the Hospital, *In re 74 Knowles Street Corp.,* 52 F.Supp. 715 (E.D. N.Y. 1943), is distinguishable because that case involved a surplus after all other creditors had been paid in full and no Rule 203(b) notice had been given.

We conclude that the Bankruptcy Code makes clear that the right of the creditor that is protected by section 523(a)(3) is the right to timely file a proof of claim. In the instant case should subsequent assets be found, the Hospital will have the opportunity to file a claim pursuant to Rule 302(e)(4).

AFFIRMED.