In re Emilio (NMI) PADILLA a/k/a Chet Padilla and Marla K. Padilla, Debtors.

Bankruptcy No. 86 B 00286 M.

United States Bankruptcy Court, D. Colorado.

Dec. 17, 1987.

George W. Boyle, II, Arvada, Colo., for debtors.

William R. Dowhan, Aurora, Colo., for Paul and Emily Apodaca.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER comes before the Court upon the *Debtors'* Request to Reopen and Discharge Debts and the Request for hearing filed by Paul and Emily Apodaca. The Court, on July 15, 1987, entered its Order reopening the case. Therefore, the request by the Apodaca's shall be treated as a motion to reconsider that order.

The petition under Chapter 7 herein was filed January 14, 1986. The Discharge order was entered June 23, 1986. And on August 6, 1986, the Court ordered the case closed as a "no-asset" case. On April 2, 1987, the Debtors' filed their Motion to Reopen Case and Discharge Debts for the purpose of amending their Schedule A-3 by adding two unsecured creditors, including the Apodaca's.

On August 18, 1986, the Apodaca's filed a suit in state court against the Debtors and obtained a judgment on or about March 20, 1987, in the sum of $4,469.00.

Pursuant to Bankruptcy Rule 2002(e), on February 3, 1986, creditors were notified that they need not file claims because no non-exempt assets were available.

Section 523 deals differently with two general categories of debt—those listed in §§ 523(a)(2), (4), and (6), and all others. In order to bring some clarity to § 523, the Court will first deal with those debts *not* included in §§ 523(a)(2), (4), and (6), and then will analyze the §§ 523(a)(2), (4), and (6) debts.

We start with the premise under § 727 that *all* pre-petition debts are discharged. We then look at § 523 and discover that:

1. Certain taxes *are not* discharged. § 523(a)(1).

2. Debts that were not listed nor scheduled in time to permit a creditor to file a proof of claim *are not* discharged unless the creditor had actual knowledge of the bankruptcy case in time to properly file a proof of claim. § 523(a)(3)(A).

3. Maintenance and child support debts *are not* discharged. § 523(a)(5).

4. Certain fines and penalties owing to a governmental unit *are not* discharged. § 523(a)(7).

5. Certain student loans *are not* discharged. § 523(a)(8).

6. Debts as a result of drunk driving *are not* discharged. § 523(a)(9).

7. Debts that could have been listed in a previous bankruptcy and the debtor either waived discharge or was denied a discharge of those debts *are not* discharged. § 523(a)(10).

■ Here we are concerned with § 523(a)(3)(A), i.e., debts that were not listed in time to permit the creditor to timely file a proof of claim. Because this is a "no-asset" Chapter 7 case, the time for filing a claim has not, and never will, expire unless some non-exempt assets are discov-

ered. *In re Stark,* 717 F.2d 322 (7th Cir. 1983). Thus, § 523(a)(3)(A) does not apply. Because § 523(a)(3)(A) does not apply, the debts which are sought to be added to the schedules by these debtors were, therefore, discharged, even without re-opening the case and allowing the requested additions, *if the debts do not fall under §§ 523(a)(2), (4), or (6).*

■ Next we must concern ourselves with debts listed in §§ 523(a)(2), (4), and (6), i.e., debts incurred by false pretenses, false representation, or actual fraud; debts incurred by fraud or defalcation while acting as a fiduciary, etc.; and debts for willful and malicious injury. Section 523(c) provides that even these debts are discharged unless (1) on the request of the creditor the Court determines such debts to be non-dischargeable *or,* (2) under § 523(a)(3)(B), the debt was not listed by the debtor so that the creditor could timely file a proof of claim and timely file a complaint to determine dischargeability—a condition similar to § 523(a)(3)(A) discussed *supra.* Because this is a "no-asset" Chapter 7 case, the time for filing a proof of claim has not, and never will, expire unless some non-exempt assets are discovered. *In re Stack, supra.* Thus, as with § 523(a)(3)(A), that part of § 523(a)(3)(B), does not apply in a no-asset Chapter 7 case.

In this case, § 523(a)(3)(B)'s requirement that failure to list a debt must prevent a creditor from (1) filing a proof of claim *and* (2) from filing a complaint to determine dischargeability, should be read to contain the word "or". In a no-asset Chapter 7, as discussed above, the first requirement cannot be met. For the section to have any meaning different from § 523(a)(3)(A), an alternative, rather than an additional, requirement must be offered.

The 10th Circuit has cautioned that "and" may not be used to replace "or" in statutory construction unless legislative intent clearly indicates the necessity for doing so. *Knutzen v. Eben Ezer Lutheran Housing Center,* 815 F.2d 1343, 1349 (10th Cir.1987); *United States v. O'Driscoll,* 761 F.2d 589, 597 (10th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320, (1986), *rehearing denied,* 475 U.S. 1112, 106 S.Ct. 1525, 89 L.Ed.2d 922 (1986). The Committee notes regarding § 523(a)(3) state the section excepts debts from discharge if they were "not scheduled in time to permit timely action by the creditor to protect his rights ..." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977) U.S. Code Cong. & Admin.News 1978, 5963, 6319; S.Rep. No. 95–989, 95th Cong.2d Sess. 78–79 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5863–5865.

There is nothing to indicate that the rights of creditors in no-asset Chapter 7 cases should not receive such protection. This Court cannot presume the legislature to have intended futile results, but must presume legislative enactments to be reasonable and logical. *United States v. O'Driscoll, supra,* at 761 F.2d 597. Therefore, in this instance, to comport with legislative intent, § 523(a)(3)(B) shall be read as requiring the prevention of filing a proof of claim *or* a complaint to determine dischargeability. *See, United States v. Fisk,* 70 U.S. 445, 3 Wall. 445, 18 L.Ed. 243 (1865); *Thomas v. City of Grand Junction,* 13 Colo.App. 80, 85, 56 Pac. 665 (1899).

Thus, an omitted creditor with a §§ 523(a)(2), (4), or (6) debt can successfully bring himself under § 523(a)(3)(B) in a no-asset Chapter 7 case if he can prove that his debt was not listed in time to allow him to file a complaint to determine dischargeability within 60 days following the first date set for the meeting of creditors under 11 U.S.C. § 341, Bankruptcy Rule 4007(c), even though the time has not, and will not expire for the filing of a proof of claim. To hold otherwise would allow a debtor in a no-asset Chapter 7 case to avoid an otherwise non-dischargeable debt by the simple expedient of not listing the creditor or notifying the creditor of the bankruptcy proceedings.

■ It is often stated that Bankruptcy Courts have exclusive jurisdiction to determine dischargeability questions under §§ 523(a)(2), (4), and (6), and that other courts have concurrent jurisdiction with the Bankruptcy Courts to determine discharge-

ability under § 523(a)(3). *See, e.g., In re Coppi,* 75 B.R. 81 (Bankr.S.D.Iowa, 1987); 3 Collier on Bankruptcy, 523.12[a], at 523–87 (15 ed. 1986). Such statements assume that the nature of the debt has already been determined, i.e., it is a §§ 523(a)(2), (4), or (6) debt or it is another type of debt. Only the Bankruptcy Court can make that determination. Thus, the general statement that Bankruptcy Courts have only concurrent jurisdiction under § 523(a)(3) is in error because only the Bankruptcy Court can determine if it is a §§ 523(a)(2), (4), or (6) debt, and that determination must be made before any court can determine if § 523(a)(3)(B) applies. Therefore, the correct statement would be that the Bankruptcy Court has concurrent jurisdiction under § 523(a)(3)(A) and exclusive jurisdiction under § 523(a)(3)(B).

 11 U.S.C. § 350(b) provides that the Court may reopen a case "to accord relief to the debtor, or for other cause". In a no-asset Chapter 7 case there would be no purpose served by reopening a case to allow a debtor to add an omitted creditor to his schedules unless that debt falls under §§ 523(a)(2), (4), or (6). If it is *not* a debt under §§ 523(a)(2), (4), or (6), it is discharged whether or not it was listed. If it is a debt under §§ 523(a)(2), (4), or (6) it is not discharged by reason of § 523(a)(3)(B). But this Court will not know which type of debt it is unless the case is reopened and the omitted creditor is given an opportunity to prove that the debt falls under §§ 523(a)(2), (4), or (6). And because the Bankruptcy Court has exclusive jurisdiction to make that determination, there is "cause" under § 350(b) to reopen no-asset Chapter 7 cases, on motion of either the debtor or the omitted creditor so that such a determination can be made.

In the case *sub judice,* the case was reopened on July 15, 1987, and the omitted creditors were given sixty (60) days in which to file "any objections to the discharge" of the Debtors. That part of the Order reopening the case was in error. It should have given the omitted creditors sixty (60) days within which to file "a complaint to determine dischargeability under § 523(a)(3)(B)". Of course, before the creditors can be successful under such a complaint they will have to prove that their debt is of such a kind specified in §§ 523(a)(2), (4), or (6).

It is, therefore,

ORDERED that the motion to reconsider filed by Paul Apodaca and Emily Apodaca, be and the same, is hereby denied.

FURTHER ORDERED that creditors Paul and Emily Apodaca and creditor Roy Momir shall have sixty (60) days from the date of this Order to file complaints to determine dischargeability under § 523(a)(3)(B), failing which the debts owed to these creditors shall be deemed discharged and the case shall be closed.