**In re Roscoe David LONG, Jr., SSN: 261–38–9195, Debtor.**

**Roscoe David LONG, Jr., Plaintiff,**

v.

**Jocyria S. LONG, Defendant.**

**Bankruptcy No. 84–40168–COL.**
**Adv. No. 88–4025–COL.**

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

Nov. 23, 1988.

Charles C. Carter, Columbus, Ga., for plaintiff.

Richard A. Childs, Columbus, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

### STATEMENT OF THE CASE

On October 19, 1988, a trial was held on the above captioned Adversary Proceeding on Plaintiff's complaint to determine dischargeability of debt to Jocyria S. Long relying on section 523(a)(3), (5) of the Bankruptcy Code.[1] At the conclusion of the trial, Defendant requested additional time to submit a brief regarding the issues of third party payment cases in which the payment was held to be alimony or support

---

1. (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeabili-

ty of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ...

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that ...

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

where payment did not result in an immediate support benefit to the spouse. Both parties submitted briefs for the court's consideration. This court, having considered the evidence presented at trial and the briefs of counsel, now publishes its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The parties were married to each other on September 20, 1974, in Atlanta, Georgia, and were subsequently divorced on November 4, 1983, in Leon County, Florida. The Plaintiff moved to Columbus in January, 1984 and married his second wife, Mary Louise, on January 11, 1984. On February 23, 1984, the Plaintiff and Defendant entered into a modified settlement agreement in which the Defendant quitclaimed her interest in the former marital property in exchange for $4,000.00. The marital domicile was encumbered by a first and second mortgage to Security First Federal Savings and Loan Association and Security Pacific Finance Corporation of Florida respectively. The agreement also specified that the Plaintiff shall be responsible for the deficiency, if any, upon foreclosure of the former domicile and that Plaintiff agreed to hold the Defendant harmless against said debt and obligation.

Security First Federal Savings and Loan Association commenced foreclosure proceedings and Plaintiff was served on April 5, 1984. The Plaintiff subsequently filed his Chapter 7 petition in bankruptcy on April 26, 1984 in the United States Bankruptcy Court for the Middle District of Georgia, Columbus Division. Plaintiff did not list either Defendant or Security Pacific Finance Corporation of Florida as creditors and therefore neither creditor received actual notice of the bankruptcy. At the time of filing Plaintiff's petition in bankruptcy, there was a contract for the sale of the marital domicile which subsequently did not materialize. The Defendant was subsequently sued by Security Pacific Finance Corporation of Florida and a judgment was taken against her in the sum of $10,380.59 plus court costs of $67.50 on January 19, 1987. On January 21, 1988, the Defendant instituted a contempt action in Leon County, Florida against the Plaintiff because of his failure to pay this amount. The Plaintiff then moved this court to reopen his Chapter 7 bankruptcy case in order to amend his schedules and add the Defendant and Security Pacific Finance Corporation of Florida as unsecured creditors. The Plaintiff then filed this Adversary Proceeding to determine the dischargeability of debt to the Defendant.

## CONCLUSIONS OF LAW

The Defendant seeks to have the debt owed to her by Plaintiff declared non-dischargeable on several grounds. The grounds on which Defendant seeks denial of discharge can be summarized as follows:

1. Whether or not Plaintiff had been a resident of this judicial district for a longer portion of the 180 day period preceding the filing of this case so that the venue of this case is proper pursuant to former 28 U.S.C.A. section 1472.[2]

2. Whether or not in Plaintiff's no asset bankruptcy case, the debt to Defendant was not scheduled because of fraud or intentional design pursuant to section 523(a)(3) of the Bankruptcy Code.[3]

3. Whether or not the obligation of the Plaintiff to hold the Defendant harmless from the deficiency which resulted from the foreclosure sale is alimony, mainte-

---

2. Except as provided in section 1474 of this title, a case under title 11 may be commenced in the district court for the district—

    (1) in which the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180-day period than the domicile, residence, principal place of business, in the United States, or principle [sic] assets, in the United States, of such person were located in any other district; or—

(Although 28 U.S.C. section 1472 has been superceded by 28 U.S.C.A. section 1408, the original case was filed on April 26, 1984, before the enactment of 28 U.S.C.A. section 1408 on July 10, 1984.)

3. *See supra* Footnote 1.

nance, or support so as to be non-dischargeable pursuant to 11 U.S.C.A. section 523(a)(5).[4]

■ When a party objects to the discharge of a debt, that party bears the burden of proving the objection by clear and convincing evidence. *In re Hunter*, 780 F.2d 1577 (11th Cir.1986). Although the creditor has the ultimate burden of persuasion, under 11 U.S.C.A. section 523(a)(3) the debtor who failed to schedule a creditor in a no-asset case must show absence of fraud or intentional design in order to obtain a discharge. *Matter of Baitcher*, 781 F.2d 1529, 1534 (11th Cir. 1986). Therefore, the debtor must make a satisfactory explanation for the failure to schedule the Defendant as a creditor in his bankruptcy case.

■ As to the venue in Plaintiff's underlying bankruptcy case, this court finds that the Plaintiff did reside in Columbus, Georgia as of January 11, 1984, and therefore Plaintiff was a resident of Muscogee County, Georgia, in the Middle District of Georgia for the greater part of the six months immediately preceding the filing of this case on April 26, 1984. Therefore, the venue in the underlying case is proper pursuant to 28 U.S.C. section 1474.[5]

■ In regard to the Plaintiff's failure to schedule the Defendant in his Chapter 7 bankruptcy case, this court finds that Plaintiff has failed to carry his burden of showing absence of fraud or intentional design. The evidence presented to this court was that Plaintiff and Defendant entered into a modified settlement agreement on February 23, 1984. Plaintiff subsequently filed his Chapter 7 bankruptcy petition on April 26, 1984. Plaintiff's testimony was that that he did not think he owed Defendant anything and therefore, did not schedule Defendant as a creditor in his Chapter 7 bankruptcy case. In view of the fact that the time period between the modified settlement agreement on February 23, 1984, and the filing of Plaintiff's Chapter 7 bankruptcy petition on April 26, 1984, is so short, this court does not find Plaintiff's testimony to be credible about the failure to schedule Defendant as a creditor in his Chapter 7 bankruptcy case.

As to Plaintiff's allegation that Defendant knew about the bankruptcy or had actual notice, there was conflicting testimony between Plaintiff and Defendant. Plaintiff testified that several weeks after the filing of his Chapter 7 case, he talked with Defendant on the phone, and that Defendant had knowledge of his bankruptcy due to difficulties with the financing of Defendant's car with GMAC. Defendant's testimony was that she denied receiving any such notice from Plaintiff, but instead was told about Plaintiff's bankruptcy several years later through someone at GMAC in connection with financing problems with her car. In addition, evidence was presented to this court that on January 21st, 1988, in the contempt proceedings in the Leon County Circuit Court, Plaintiff signed an answer to a request for admission in which he admitted Defendant was not given notice of the bankruptcy proceeding by him. With regard to the conflicting testimony of Plaintiff and Defendant, this court finds the testimony of Plaintiff not credible and the testimony of Defendant to be credible. This court finds as fact that the Defendant did not learn of the bankruptcy while the case was originally pending.

In view of the above evidence, Plaintiff has not made a satisfactory explanation to this court for the failure to schedule Defendant. Therefore, this court finds the obligation to Defendant to be non-dischargeable because the Plaintiff intentionally failed to list Defendant as a creditor.

■ As to the Plaintiff's obligation to pay third party creditors and hold Defendant harmless, this court finds that the evidence presented to this court supports the finding that this obligation was in fact a division of property and division of debt and not in the nature of alimony or child support. Therefore, on section 523(a)(5), the Defendant creditor has not sustained her burden of proof.

**4.** *See supra* Footnote 1.

**5.** *See supra* Footnote 2.

Accordingly the Plaintiff's obligation to Defendant is determined to be non-dischargeable pursuant to 11 U.S.C.A. section 523(a)(3). *In re Baitcher, supra.*