**In re Brian SUNG IL KIM, dba Hawaii Hunting Supplies, Debtors.**

**Bankruptcy No. 86–00854.**

United States Bankruptcy Court,
D. Hawaii.

July 19, 1989.

Katsuya Yamada, Hilo, Hawaii, for Lines.

Michael Lorusso, Honolulu, Hawaii, for debtor.

## MEMORANDUM DECISION AND ORDER RE: MOTION TO STRIKE

JON J. CHINEN, Bankruptcy Judge.

On April 6, 1989, John W. Lines, Jr. ("Lines") filed a Motion to Strike Amended Schedule A–3 ("Motion to Strike"). A hearing was held on April 24, 1989, at which time, Katsuya Yamada, Esq. appeared on behalf of Lines and Michael Lorusso, Esq. appeared on behalf of Debtor. The Court, being advised in the premises and having considered the arguments of counsel, now renders this memorandum decision and order.

The basic facts are not disputed. This petition was filed on December 30, 1986, and a discharge was granted to the Debtor on June 5, 1987. The trustee, Richard M. Kennedy has not made a final report nor has any order been issued closing this bankruptcy proceeding.

The Debtor had been operating Hawaii Hunting Supplies in Hilo, Hawaii. All assets of the Debtor, including the inventory of the store, as well as Debtor's interest in a parcel of real property, have been sold.

The store had been purchased from Lines in January, 1986, under an agreement of sale. The Debtor, in his petition for bankruptcy, states that there is an unliquidated claim against Lines for breach of contract. However, the Trustee has not proceeded on the unliquidated claim. Despite the fact that Debtor lists an unliquidated claim against Lines, Debtor failed to list Lines as a creditor in this petition.

After the discharge of the Debtor, Lines initiated a lawsuit in the Circuit Court of the Third Circuit, State of Hawaii entitled, *John W. Lines, Jr., v. Brian S.I. Kim,* Civil No. 87–736 ("Complaint").

The basis of Lines' Complaint is an alleged breach of contract for the sale of Hawaii Hunting Supplies. The Complaint further refers to the fact that the Debtor did not include Lines' claim in the Schedule of Assets and Liabilities and indicates that Lines was not aware of the on-going bankruptcy proceeding.

Subsequently, the Debtor filed an Amended Schedule A–3 on March 29, 1989,

to include the claim of Lines. On April 4, 1989, without a hearing, this Court entered an Order Granting Amendment to Schedules.

No deadline to file proofs of claim has yet been set herein, and the deadline for filing complaints objecting to discharge and/or to determine dischargeability was March 23, 1987.

Bankruptcy Rule 1009 provides in part: (a) *General Right to Amend.* A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby....

Bankruptcy Rule 1009 is adapted from former Bankruptcy Rule 110. The Advisory Committee Note to Bankruptcy Rule 1009 states that the rule "continues the permissive approach adopted by former Bankruptcy Rule 110...." Courts under Bankruptcy Rule 110 held that courts could deny leave to amend only if there was a showing of bad faith on the part of the debtor or if there was prejudice to creditors. See *e.g. Matter of Williamson*, 804 F.2d 1355 (5th Cir.1986) *See also In re Long*, 93 B.R. 791 (Bankr.Ga.1988); *Matter of Baitcher*, 781 F.2d 1529 (11th Cir.1986). As noted in *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985),

[I]t is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done."

In this case, Lines did not have an opportunity to contest the allowance of the amendment by showing that Debtor acted in bad faith, or that Lines will suffer detrimentally by the allowance of the amendment.

■ In a "no-asset" chapter 7 case, the time for filing a proof of claim does not expire. Thus, except for claims under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6), unscheduled debts will automatically be discharged. See *e.g. In re Stark*, 717 F.2d 322 (7th Cir.1983); *In re Padilla*, 84 B.R. 194 (Bankr.Colo.1987).

■ Under 11 U.S.C. § 523(c), debts listed under § 523(a)(2), (4) or (6) are also discharged, unless (1) on request of a creditor, the court determines its claim to be non-dischargeable, or (2) under § 523(a)(3)(B), the debt was not timely listed by the debtor such that the period for filing a Complaint has passed. As noted in *In re Padilla*, 84 B.R. 194, 196 (Bankr. Colo.1987),

Thus, an omitted creditor with a §§ 523(a)(2), (4), or (6) debt can successfully bring himself under § 523(a)(3)(B) in a no-asset Chapter 7 case if he can prove that his debt was not listed in time to allow him to file a complaint to determine dischargeability within 60 days following the first date set for the meeting of creditors under 11 U.S.C. § 341, Bankruptcy Rule 4007(c), even though the time has not, and will not expire for the filing of a proof of claim. To hold otherwise would allow a debtor in a no-asset Chapter 7 case to avoid an otherwise non-dischargeable debt by the simple expedient of not listing the creditor or notifying the creditor of the bankruptcy proceedings.

■ Even if the amendment is granted, there is still a further inquiry that this court must make. As noted in the Advisory Committee Notes,

*If a list or schedule is amended to include an additional creditor, the effect on the dischargeability of the creditor's claim is governed by the provisions of § 523(a)(3) of the Code.* (Emphasis added.)

Thus, the mere scheduling of Lines as a creditor has no effect on whether the debt owed to Lines, if any, is discharged.

11 U.S.C. § 727(b) states:

(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section *discharges the debtor from all debts that arose before the date*

*of the order for relief* under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title. (Emphasis added.)

Under 11 U.S.C. § 727, all pre-petition debts, whether scheduled or not, are discharged, except as provided under 11 U.S.C. § 523.

 11 U.S.C. § 523(a)(3) provides that a debt is not discharged if the debt was

(3) neither listed nor scheduled under section 521(a) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3) thus treats debts under (a)(2), (a)(4), and (a)(6) differently than all other debts.

In this case, the time for filing complaints has long since passed. In order to discharge the debt owed to Lines, the Debtor can show that:

(1) Lines had notice or actual knowledge of the case such that he could have timely commenced a complaint under 11 U.S.C. § 523 or

(2) The debt is not of the kind specified in 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6).

Based on the above,

IT IS HEREBY ORDERED that the Order Granting Amendment to Schedules filed herein on April 4, 1989 be and the same is, hereby vacated.

IT IS FURTHER ORDERED that the Debtor shall set for hearing the matter of his amendment to schedules within thirty (30) days.

IT IS FURTHER ORDERED that should Debtor fail to do so, the debt shall not be discharged.