In re Brian SUNG IL KIM dba Hawaii Hunting Supplies, Debtor.

Bankruptcy No. 86–00854.

United States Bankruptcy Court,
D. Hawaii.

April 12, 1990.

Michael A. Lorusso, Honolulu, Hawaii, for debtor.

Katsuya Yamada, Hilo, Hawaii, for Lines.

### FINDINGS OF FACT, CONCLUSIONS OF LAW

RE: AMENDMENT TO SCHEDULES

JON J. CHINEN, Bankruptcy Judge.

An evidentiary hearing was held on March 12, 1990, before the undersigned

Judge to determine whether an amendment to the Debtor's schedules should be allowed to include the claim of John W. Lines ("Lines"). Following the hearing, the Court took the matter under advisement.

Based upon the evidence adduced, the memoranda submitted, the records in the file and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Lines and Debtor were at one time very close friends. As a result of such friendship, Lines sold his business, Hawaii Hunting Supplies, to Debtor without any downpayment, and Lines assisted Debtor in familiarizing himself with the business. Unfortunately, the two friends became involved with the same girl. As a result of this "triangle love affair", the friendship between Lines and the Debtor evaporated. And, Lines pressured Debtor to pay the sum owing for the sale of the Hawaii Hunting Supplies.

Debtor was unable to pay his debts. After a conference with his counsel, Debtor decided to file for bankruptcy. Debtor gave all of his records concerning his debts, including the claim of Lines for $20,000.00, to his attorney and he assumed that Lines was listed as one of his creditors. However, though the schedules showed a contingent, potential claim against Lines, Lines was not listed as a creditor.

The petition was filed on December 30, 1986. Debtor's attorney acknowledged that it was an error on the part of his office that Lines was not listed as a creditor. Before signing the documents, Debtor briefly reviewed his petition and the attached schedules and statement of affairs. Lines' claim was for $20,000.00 and comprised the largest single claim; however, Debtor did not make certain that Lines was listed as a creditor.

In early January of 1987, Lines, who was not aware of Debtor's petition filed in the bankruptcy court, approached Debtor and demanded payment. Instead of informing Lines of the petition and the automatic stay, Debtor asked Lines to "wait awhile", for he was seeking a loan.

Thereafter, on January 27, 1987, Debtor filed an Amended Schedule of Current Income and Expense, together with Amended Statement of Financial Affairs for Debtor Engaged in Business, Schedule A—Amended Statement of All Liabilities of Debtor, Schedule B—Amended Statement of All Property of Debtor and Amended Summary of Debts and Property. Again, the list of claimants did *not* include the name of Lines. And, the Certificate of Service filed on January 30, 1987 clearly shows that Lines was not served with a copy of the various amendments.

In February and April of 1987, Lines again approached Debtor and asked for payment of the $20,000.00 that was due. Instead of informing Lines of the petition in bankruptcy, Debtor again asked Lines to "wait a while" because he was seeking a loan.

There being no complaint or objection filed, Debtor received his discharge on June 4, 1987.

Thereafter, Lines learned from a friend that Debtor had filed a petition in bankruptcy. As a result, Lines' counsel made a trip to Honolulu to check the court files and discovered that Lines was not listed as a creditor and that Debtor was discharged. Then, on December 21, 1987, Lines brought an action in the State Court to collect the $20,000.00 debt from Debtor. Thereafter, on March 16, 1989, Lines filed a Motion for Summary Judgment in the state court. Only then, on March 29, 1989, Debtor filed an Amended Schedule A–3 to add the claim of Lines. However, on objection of Lines who claims he was not noticed of the application to amend schedule, a hearing was held on July 19, 1989, at which time, the Amendment was vacated by the Court in its Memorandum Decision and Order Re: Motion to Strike. 102 B.R. 787.

On November 21, 1989, Notice of Need to File Proof of Claim Due to Recovery of Assets was mailed to all creditors, including Lines. Deadline was set at February 20, 1990.

Lines claims that failure of Debtor to list him as a creditor in the original schedules and in the amended schedules, and, thereafter, failure of Debtor to inform him (Lines) of the petition shows bad faith on the part of Debtor. In addition, Lines claims that failure of Debtor to list him as a creditor caused his attorney to fly to Honolulu to check the court files, to file the action in the Third Circuit Court and to object to this late Amended Schedule attempting to add his name as a creditor. And, Lines claims that, had he known of the petition, he would have aggressively pursued the inventory that disappeared from the premises.

To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

## CONCLUSIONS OF LAW

█ Amendments to schedules should be liberally allowed at any time absent a showing of bad faith or prejudice to third parties. *In re Magallanes*, 96 B.R. 253 (9th Cir. BAP 1988). Bad faith or prejudice to creditors is cause to bar amendments. *In re Doan*, 672 F.2d 831 (11th Cir.1982).

█ In the instant case, Debtor left out the name of Lines not once, but twice. Debtor left out Lines' name in the original schedules and in the amended schedules. Because the list of creditors were listed alphabetically in both schedules, even a casual glance at the list would have shown that Lines was not listed as a creditor.

And Lines' claim was for $20,000.00, the largest claim against Debtor. When Lines' claim is added to the debts listed by Debtor in the amended schedules of $39,000.00, the total debt would be $59,000.00. Thus, Lines' claim would exceed one-third (⅓rd) of the total. In reviewing the schedules and later the amended schedules, how Debtor could miss such a large claim is incomprehensible.

In addition, after the petition had been filed, when confronted by Lines for payment, Debtor did not inform Lines of the petition and of the automatic stay. Instead, Debtor asked Lines to "wait awhile",

for he was seeking a loan. If Debtor really believed that the schedules included Lines as a creditor, he would have told Lines not to harass him for payment.

Because Lines was not informed of the petition and because Lines' name was not listed as a creditor, Lines spent considerable time and money in pursuing his claim against Debtor. In late 1978, when he learned of Debtor's petition, Lines had his attorney fly to Honolulu to check the Court record. When Lines discovered that he was not listed as a creditor and that Debtor had been discharged, Lines commenced the action in the state court proceeding in December 1987 and filed the Motion for Summary Judgment in March of 1989. Only then did Debtor, in late March of 1989, file his Amended Schedule A–3 to add Lines as a creditor. Because of the long delay in filing the Amended Schedule A–3, Lines has spent additional time and money in objecting to the amendment.

Lines had sold the business and equipment of Hawaii Hunting Supplies to Debtor in January 1986. Lines knew what he had sold to Debtor. Debtor contends that some of the equipment in the inventory were stolen and others were lost in transit from Hilo to Honolulu. Had Debtor listed Lines as a creditor in the schedules when the petition was filed in December of 1986 or shortly thereafter, Lines would have attended the meeting of creditors and aggressively examined the debtor. Debtor denied Lines the opportunity to pursue and recover the "lost" inventory. This is prejudicial to Lines and the other creditors.

Based on the foregoing, the Court finds bad faith on the part of Debtor in not listing Lines as a creditor when he amended the schedules and later failed to inform Lines of the petition in bankruptcy. In addition, the Court finds that failure to list Lines as a creditor prevented Lines from attending the meeting of creditors and vigorously examining Debtor as to the whereabouts of the "lost" inventory. This is prejudicial to Lines and the other creditors. The proposed amendment is denied.

To the extent that these Conclusions of Law constitute Findings of Fact, they shall

be so deemed. An Order by the Court will be entered forthwith.