**In re Paul Harvey HOCUM, f/d/b/a Paul's Electric Motor Repair, a sole proprietorship, and Mary Lynn Hocum, a/k/a Mary Lynn Strum, Debtors.**

**Bankruptcy No. 88–40566–PKE.**

United States Bankruptcy Court,
D. South Dakota.

Oct. 4, 1990.

Doug Cummings, Cummings Legal Clinic, P.C., Sioux Falls, S.D., for movant debtors Paul and Mary Hocum.

Mark E. Swanson, Sioux Falls, S.D., for respondent creditor Allied Collection Service, Inc.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### ACTION

This decision adjudicates whether Chapter 7 debtors may reopen their closed case for the purpose of amending their schedules by listing an inadvertently omitted debt. The Court maintains jurisdiction under 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J). This memorandum constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052.

### FACTUAL BACKGROUND

Paul and Mary Hocum ("Hocums" or "debtors") filed a no-asset Chapter 7 petition on December 2, 1988. Debtors obtained a discharge of debts on March 24, 1989. Debtors' case was closed administratively on April 17, 1989. On June 14, 1990, debtors filed a motion to amend schedules to list a $262.94 medical debt owed to Sioux Valley Hospital which was assigned to Allied Collection Service, Inc. ("Allied" or "creditor"). Allied objected on grounds the case has been closed over a year.

### DISCUSSION

Courts treat a debtor's motion to amend schedules entirely different depending on whether debtor's case is open or closed. A majority of jurisdictions follow the permissive approach, allowing schedule amendment of a no-asset Chapter 7 case as a matter of course any time before the case is closed provided the creditor suffers no prejudice and the debtor acts in good faith. *Matter of Gershenbaum,* 598 F.2d 779, 780 (3d Cir.1979); *Matter of Brown,* 56 B.R. 954, 958 (Bankr.E.D.Mich.1986); *In re Galvin,* 50 B.R. 583, 586 (Bankr.D.R.I.1985); *In re Jordan,* 21 B.R. 318, 320 (Bankr.E.D. N.Y.1982); Slates, *The Unscheduled Creditor in a Chapter 7 No–Asset Case,* 64

Am.Bankr.L.J. 280, 282 (1990). The creditor sustains the burden of establishing by clear and convincing evidence that the debtor acted in bad faith or concealed property. *Brown*, 56 B.R. at 958. Rationale justifying liberal schedule amendment includes: amendment alone does not work a discharge; disallowance causes the debtor to lose bankruptcy's fresh start protection; and Bankr.R. 1009 allows a debtor to amend schedules "as a matter of course" anytime before the case is closed. *Gershenbaum*, 598 F.2d at 782–83; *Brown*, 56 B.R. at 957–58. Free amendment of schedules is the majority rule if the case is open, but a different procedure controls if the case has been closed.

■■■ Some older authority exists holding that a no-asset Chapter 7 bankruptcy case may not be reopened in order to list inadvertently omitted creditors, *e.g., Milando v. Perrone*, 157 F.2d 1002, 1003 (2d Cir.1946); *Matter of Swain*, 21 B.R. 594, 596 (Bankr.D.Conn.1982), but a more recent line of cases permits reopening a case and amending schedules unless fraud, prejudice, or intentional design exists. *Matter of Baitcher*, 781 F.2d 1529, 1534 (11th Cir. 1986); *In re Rosinski*, 759 F.2d 539, 541 (6th Cir.1985); *Matter of Stark*, 717 F.2d 322, 323 (7th Cir.1983); *In re Minniear*, 88 B.R. 1005, 1006 (Bankr.W.D.Mo.1988); *In re Rhodes*, 88 B.R. 199, 200 (Bankr.E.D. Ark.1988). The decision to reopen a bankruptcy case after it has been closed for the purpose of avoiding security interests, to add an omitted creditor, for the purpose of avoiding a lien, or for other cause is within the bankruptcy court's sound discretion. 11 U.S.C. § 350(b); *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir.1984); *Stark*, 717 F.2d at 324; *In re Walters*, 113 B.R. 602, 606 (Bankr.D.S.D.1990). Hocums' Chapter 7 case was administratively closed by this Court. The Court adopts the current case line, as enunciated in the respectively cited authorities, on the grounds of: equity; a creditor holding an otherwise dischargeable claim should not benefit from the debtor's excusable mistake in not listing such creditor; a debtor need not forfeit the benefits of bankruptcy where the creditor has not been harmed; Section

350(b)'s express language permits reopening to add omitted creditors; and the recent line properly focuses on the substance of the harm that will occur rather than the form of the type notice the creditor received. *Baitcher*, 781 F.2d at 1534; *Hawkins*, 727 F.2d at 327; *Stark*, 717 F.2d at 324; *Walters*, 113 B.R. at 606; Slates, 64 Am.Bankr.L.J. at 294.

Authority exists holding a closed Chapter 7 no-asset case need not be reopened to list debts on debtor's schedule in order to be discharged, as long as there is no fraud, breach of fiduciary duty, or willful and malicious injury by the debtor. *In re Padilla*, 84 B.R. 194, 196 (Bankr.D.Colo.1987). The court, in *Padilla*, reasoned that Section 523(a) deals with two main types of debt: those listed in 11 U.S.C. § 523(a)(2), (4), and (6), and all other debts. *Id.*

*Padilla* dealt with Section 523(a)(3)(A), which concerns debts not listed in time to permit a creditor to file a proof of claim. Since a no-asset Chapter 7 case does not accept proofs of claims in the district, the court reasoned that the filing time had not expired. *Id.* Therefore, Section 523(a)(3)(A) does not apply, and such debts are discharged provided they do not fall under Section 523(a)(2), (4), or (6), whether or not listed. However, unless the amendment was made under a reopened case, the creditor would not receive notice or the opportunity to file a nondischargeability complaint and prejudice would occur if the creditor held a Section 523(a)(2), (4), or (6) claim. *Id.* South Dakota does not permit proofs of claims to be filed in a no-asset Chapter 7.

■■■ The fifteen-month time lapse between the date of closing to the filing date of the motion to amend schedules warrants the Hocums reopening their closed case in order to amend schedules. Evidence growing stale, the need to make the debtors assertively defend their interests, and the desire to chill debtors debating a "selective" memory when completing schedules warrant a debtor to reopen a case closed in order to amend schedules. Where the case has been closed for more than one year, the

debtor must reopen to amend his or her schedules. *Hull v. Powell,* 309 F.2d 3, 6 (9th Cir.1962).

A creditor's inability to participate in a no-asset bankruptcy case is not prejudice. *Hawkins,* 727 F.2d at 327. It is clear that Hocums possess no assets from which distributions to creditors would occur and Allied suffers no prejudice since the creditor has not lost its opportunity to file a proof of claim to share equitably with creditors who were initially scheduled. *Matter of Zablocki,* 36 B.R. 779, 782 (Bankr.D.Conn. 1984).

■ Creditor's reliance on Bankr.R. 9024 for the assertion that one year bars reopening of Hocums' case is misplaced. Bankr.R. 9024 states that motions to reopen cases are not subject to the rigorous one-year time limit of Fed.R.Civ.P. 60 as are several other bankruptcy matters. *Matter of Gratrix,* 72 B.R. 163, 164 (D.Alaska 1984). Bankruptcy cases have been reopened as late as five years after closing to commence a proceeding to avoid liens absent a showing of prejudice by the lien claimant. *In re Costello,* 72 B.R. 841, 843 (Bankr.E.D.N.Y.1987). A lapse of over one year between entry of an erred distribution order and a motion to amend to list an unsecured debt due to inadvertence does not bar reopening by laches where the creditor would have received nothing under a proper distribution order. *In re Frontier Enters., Inc.,* 70 B.R. 356, 359 (Bankr.C.D. Ill.1987). Allied does not allege Hocums failed to list the $262.94 debt on the schedules for any reason other than inadvertence. Hocums' fifteen-month lapse in filing the amendment to schedules is reasonable because mere inadvertence caused the delay and Allied is not prejudiced since no distribution occurred and Allied has the opportunity to object to the debt's dischargeability.

Proper procedural focus is on Bankr.R. 5010. This rule permits a court to reopen a case pursuant to 11 U.S.C. § 350(b), which includes avoidance of a debt and cause. *In re Gortmaker,* 14 B.R. 66, 68 (Bankr.D.S. D.1981). Hocums could reopen the closed

case absent harm, fraud, or intentional omission.

■ Amendments to schedules are generally granted liberally. Reopening a case is appropriate where debtors did not intentionally avoid listing the debt. *Matter of Davidson,* 36 B.R. 539, 543 (Bankr.D.N.J. 1983). Hocums' inadvertence caused the debt to be omitted from the schedules as originally filed. Allied suffers no harm by reopening the case to amend schedules to list an omitted unsecured debt. Hocums' fifteen-month delay requires the case be reopened prior to amending the schedules in order to afford proper notice and opportunity to Allied should it seek to bring a nondischargeability complaint. With no fraud, prejudice, or intentional omission proven, debtors may reopen their closed Chapter 7 case. Allied may or may not have grounds for dischargeability under Section 523(a)(2), (4), or (6). Dischargeability is not now before this Court. The possibility that a creditor objecting to reopening a case may not have such grounds under 11 U.S.C. § 523(a), and that its debt is dischargeable even though belatedly scheduled, is sufficient reason to reopen a debtor's closed case. Hocums' schedule amendment motion is interpreted to include a motion to reopen their case, of which both motions are granted.

In the case at bar, the Court will enter an appropriate order.

### ORDER REOPENING CASE AND ALLOWING AMENDMENT TO SCHEDULES

Pursuant to the Memorandum Decision executed this date, it is hereby ORDERED that the above-captioned debtors' case is reopened; and it is further ORDERED that debtors may amend their schedules to include omitted debts.