**In re James SHANNON, Debtor.**

**James SHANNON, Plaintiff,**

v.

**XEROX CORPORATION, Ernest Finch, Southeast Bank, N.A. f/k/a Southeast First National Bank of Miami Springs and Eastern Airlines Federal Credit Union, Defendants.**

**Bankruptcy No. 86–02345 BKC AJC. Adv. No. 90–0540–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

March 27, 1991.

Mark Evan Kass, Miami, Fla., for debtor, plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court on November 28, 1990 on Plaintiff's Complaint to Determine Dischargeability of Debt. The Court has reviewed the relevant pleadings, has heard argument from counsel and makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

None of the Defendants filed a responsive pleading to the Complaint. In addition, none of the Defendants appeared at the pre trial conference on November 28, 1990. Based thereon, this Court adopts as its findings of fact the allegations set forth in Plaintiff's Complaint, to-wit:

On or about August 4, 1986 Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. The proceeding was a no asset proceeding as evidenced by the Court's Order for Meeting of Creditors dated August 12, 1986 and the Trustee's Report of No Distribution dated November 19, 1986. On December 3, 1986 this Court issued its Discharge of Debtor.

Subsequent to the discharge, Plaintiff became aware that four judgments were not included in Plaintiff's bankruptcy schedules as follows:

| Name of Creditor | Date Judgment Entered | Amount of Judgment |
|---|---|---|
| Xerox Corporation | 3/5/80 | $ 2,124.86 |
| Ernest Finch | 12/14/84 | $35,809.49 |
| Southeast First National Bank of Miami Springs n/k/a Southeast Bank, N.A. | 5/27/84 | $ 2,628.14 |
| Eastern Airlines Federal Credit Union | 12/30/75 | $ 1,942.38 |

The omission of these judgments was inadvertent and not intentional. Plaintiff apparently informed his former bankruptcy counsel of the existence of these debts but the debts were inadvertently omitted. Plaintiff first learned of the omissions in October, 1989 when there was a title search being performed on his residence. Plaintiff acted diligently by contacting the Clerk of this Court to locate his file. After some delay he was informed that the file was in storage and Plaintiff promptly made a written request to retrieve the file from storage. Thereupon, Plaintiff conferred with his former bankruptcy counsel, and on August 24, 1990 filed a Motion to Reopen Chapter 7 Bankruptcy Case to Obtain Discharge of Omitted Debts.

After due notice and a hearing on September 18, 1990 the Court entered an Order Reopening Case on September 28, 1990. Plaintiff thereafter amended his schedules on October 8, 1990 to include the above judgments and filed this adversary case.

## CONCLUSIONS OF LAW

In determining whether the Debtor is entitled to reopen the case to amend the schedules to discharge debts initially omitted from the schedules, the case of *Samuel v. Baitcher (Matter of Barbara Ann Baitcher)*, 781 F.2d 1529 (11th Cir.1986) is controlling. In *Baitcher*, the Eleventh Circuit, United States Court of Appeals, rejected the argument of its predecessor court in *Moureau v. Leaseamatic, Inc.*, 542 F.2d 251 (5th Cir.1976) which held that a debt not scheduled in time for proof and allowance could not be discharged. The

Eleventh Circuit noted the *Moureau* court's reliance on the Supreme Court's decision in *Birkett v. Columbia Bank,* 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904) which held that failure to schedule a known debt results in that debt not being discharged even if the creditor had actual notice, unless the actual notice is received soon enough to enable the creditor to enjoy an equal opportunity with other creditors to participate in the administration of the estate. *Baitcher, supra.* The Supreme Court ruling does not take into consideration whether nonscheduling was prejudicial. *Baitcher, supra,* citing *Birkett, supra.*

In *Baitcher, supra,* the court adheres to the less stringent rule of law as construed in *Matter of Stark,* 717 F.2d 322 (7th Cir. 1983). In *Stark,* the United States Court of Appeals for the Seventh Circuit held a debt is not discharged if not "scheduled ... in time to permit ... timely filing of a proof of claim...." *Id.* at 323. Accepting the law as stated by the Seventh Circuit, the *Baitcher* court held that "under the new law the old prophylactic rule does not in a no-asset case any more deny a discharge to one who has failed to schedule for reasons of honest mistake, not 'fraud or intentional design.' " 781 F.2d at 1531. To do otherwise, having proven the absence of prejudice, would lead to inequitable results. *Id.*

In the instant case, the Plaintiff alleges the above-stated debts were inadvertently and unintentionally omitted from his schedules. The record reflects the Plaintiff immediately took action upon being notified that such debts were not discharged, by reopening his case, amending his schedules, and filing an adversary case against the nondischarged creditors. By amending his schedules and filing an adversary case, the omitted creditors were given an opportunity to prove that their claims were excepted from discharge pursuant to § 523(a) of the Bankruptcy Code or that the debtor was not entitled to a discharge pursuant to § 727 of the Code. *See Kelly v. Stover (In re: Stover),* 98 B.R. 586 (M.D.Fla.1989).

However, for reasons unknown to this Court, the creditors did not answer the complaint served against them. The Court declined to enter a default against the creditors upon the expiration of the period allowed for the answer. Instead, the Court afforded the creditors an additional opportunity to respond to the complaint at the pretrial conference noted on the summons. Again, at the pretrial conference, for reasons unknown to the Court, the creditors did not to appear or respond.

Applying the *Baitcher* court's ruling to these findings of fact, it is

ORDERED that the Plaintiff be GRANTED judgment in his favor, discharging the debts of Xerox Corporation, Ernest Finch, Southeast First National Bank of Miami Springs n/k/a Southeast Bank, N.A. and Eastern Airlines Federal Credit Union.

A separate final judgment will be entered in accordance with the foregoing opinion. Bankruptcy Rule 9021.