**JOSEPHINE LUTALI, Plaintiff**

**v.**

**JOE PEDRO dba T.J. PEDRO CONSTRUCTION, Defendant**

**AMERIKA SAMOA BANK, Intervenor**

High Court of American Samoa
Trial Division

CA No. 42-92

March 24, 1995

161

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
For Defendant, Marshall Ashley and Tate J. Eldridge
For Intervenor, William H. Reardon

Order Vacating Judgement as to Personal Liability and Writ of Garnishment, and Releasing Garnished Funds:

## FACTS

This case concerns a judgment against defendant Joe Pedro ("Pedro"), which was obtained by plaintiff Josephine Lutali ("Lutali") prior to Pedro's petition for bankruptcy in the United States Bankruptcy Court for the Western District of Washington ("bankruptcy court"), and a garnishment order which Lutali obtained after the filing of the petition. On December 29, 1994, we held that Lutali's garnishment order violated the automatic stay in bankruptcy pursuant to 11 U.S.C.A. § 362, but declined to release the garnished funds without knowledge of whether Pedro had been permitted to amend his bankruptcy schedules to include Lutali. Instead we ordered Pedro to provide us with information regarding the status of his efforts to amend his bankruptcy schedules, and any resulting decrees by the bankruptcy court or trustee. Pursuant to that order ("our order"), Pedro filed a copy of the amended schedules, a copy of the letter sent to Lutali by Pedro's attorney in Seattle, and a copy of the Discharge Order issued by the bankruptcy court.

## DISCUSSION

### 1. Amendment of the Schedules

When we issued our order, we were under the impression[1] that the case

---

[1] Our mistaken impression reminds us once again of the all too familiar problem of attorneys in our jurisdiction failing to fully brief their cases or to include essential facts in their arguments. Considering the complexity of this case, coupled with the fact that this court rarely hears cases in this area of the law, attorneys for all parties would have been well advised to do more legal research in order to ascertain what facts are legally relevant

162

may have been closed at the time the discharge order was issued, requiring it to be reopened by order of the court for the schedules to be amended. *See In re Stark*, 717 F.2d 322 (7th Cir. 1983). The letter sent to Lutali by Pedro's attorney in Seattle indicates that the case was still open at the time the amendments were filed. Accordingly, Pedro had a right to amend the schedules "as a matter of course . . . at any time before the case is closed." 11 U.S.C.A. Bankruptcy Rule 1009. Pedro's power to amend the schedules before the closure of the case is, therefore, not within the discretion of the bankruptcy court. *In re Gershenbaum*, 598 F.2d 779, 781 (3d Cir. 1979).

## 2. Discharge of Debts

In our order we held that the discharge of debts added to the bankruptcy schedules by amendment was a question for the bankruptcy court. We retained the garnished funds, however, in case Pedro's bankruptcy proceeding was closed and the bankruptcy court declined to reopen it to schedule previously unscheduled debts and exempt unscheduled debts from discharge. Since the case was open at the time the amendments were filed, and amendment was done as a matter of course, we have no reason to continue holding the garnished funds. In its discharge order of August 10, 1993, the bankruptcy court said:

> 2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
>
> a. debts dischargeable under U.S.C. section 523 . . .

The foregoing language plainly requires that debts alleged to be non-dischargeable are declared null and void as determining the debtor's personal liability. The proper forum for seeking a determination of whether the debt is discharged is the bankruptcy court, and we therefore do not consider the issue of whether Pedro's debt to Lutali is somehow excepted from discharge.

---

to the outcome. This would have enabled them to provide us with satisfactory factual information and legal arguments at an earlier date, and to avoid the protracted deliberation that this case has unfortunately required.

## ORDER

1. Seeing no evidence that the bankruptcy court has declared any of the disputed debts to be non-dischargeable, nor any evidence that Lutali has sought an adjudication of the issue in the bankruptcy court, the judgment obtained by Lutali on January 22, 1993 is null and void as a determination of Pedro's personal liability. As to any other issues adjudicated therein, it remains valid.

2. The garnishment order resulting from the January 22, 1993 judgment was obtained in violation of the automatic stay and is, therefore, vacated.

3. As to the intervenor, Amerika Samoa Bank ("ASB"), the bankruptcy trustee's attorney wrote a letter on December 7, 1994, assenting to the disbursement of garnished funds to ASB. It is unnecessary to consider whether or not this letter has any binding effect since it represents the desires of both ASB and Pedro, who are the only remaining parties with interests in the funds. Accordingly, we direct that the garnished funds be disbursed to ASB.

It is so ordered.